This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 30,809**

**DANIEL PAUL LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

In this appeal, Defendant contends that the State did not present sufficient evidence to support his conviction for kidnaping in the first degree. [DS 4, 186, 193]

This Court's calendar notice proposed summary affirmance. Defendant has filed a memorandum in opposition. Unpersuaded, we affirm.

**DISCUSSION**

As we discussed in the calendar notice, "'[t]he test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction.'" *State v. Riley*, 2010-NMSC-005, ¶ 12, 147 N.M. 557, 226 P.3d 656. In the calendar notice, moreover, we noted that the jury instructions were not filed in the record proper, and we presumed that the jury was instructed in accordance with Count 1 of the grand jury indictment, the applicable statute, and uniform jury instructions. [RP 18] *See* NMSA 1978, § 30-4-1 (2003); *see also* UJI 14-403 NMRA and UJI 14-6018 NMRA.

UJI 14-403 provides that:

For [the jury] to find the defendant guilty of kidnapping [as charged in Count _____], the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The defendant [took] [restrained] [confined] [transported] _____ (name of victim) by [force] [intimidation] [or] [deception];

2. The defendant intended to hold _____ (name of victim) against _____'s (name of victim) will:

2

[to inflict death, physical injury or a sexual offense on_____ (name of victim)]

3. This happened in New Mexico on or about the _____ day of _____, _____.

The Use Note to UJI 14-403 also provides that for first degree kidnaping, the jury should also be instructed in accordance with UJI 14-6018, and that the jury should be specifically asked the following questions:

QUESTION

Do you unanimously find beyond a reasonable doubt that the defendant did not voluntarily free _____ (name of victim) in a safe place?

_____ (Yes or No)

_____
FOREPERSON

QUESTION

Do you unanimously find beyond a reasonable doubt that the defendant inflicted physical injury upon _____ (name of victim)?

_____ (Yes or No)

_____
FOREPERSON

In this case, the record proper clearly indicates that the jury responded to these specific questions and convicted Defendant of kidnaping in the first degree, including that Defendant did not voluntarily free Edgar Tarin (the victim) in a safe place, and that Defendant inflicted physical injury upon the victim. [RP 161, 168, 169] To the

3

extent Defendant continues to argue in the memorandum that he is entitled to a new trial because the jury instructions were not filed in the record proper, it is well-established that "[i]t is [the] defendant's burden to bring up a record sufficient for review of the issues he raises on appeal." *State v. Jim*, 107 N.M. 779, 780, 765 P.2d 195, 196 (Ct. App. 1988). Moreover, "'[w]here there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [trial] court's judgment.'" *State v. Rojo*, 1999-NMSC-001 ¶ 53, 126 N.M. 438, 971 P.2d 829 (filed 1998) (quoting *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 19, 121 N.M. 562, 915 P.2d 318).

The docketing statement indicates and Defendant's memorandum confirms that, at trial, the State presented the following evidence in support of the first degree kidnaping charge. In the early morning hours in Doña Ana County, New Mexico, among other events, the victim was walking alongside a street when Defendant and Mr. Villa saw him as they were driving by. [DS 3, MIO 2] They made a u-turn towards the victim, and stopped alongside him. [Id.] Mr. Villa attacked the victim from behind, and Defendant pointed a gun at the victim from the front. [Id.] Mr. Villa then grabbed the victim and threw him into the vehicle and they sped off towards Mr. Villa's residence. [Id.] When they arrived, Mr. Villa pulled the victim from the

4

vehicle and continued to kick and punch him as they made their way into Mr. Villa's home. [Id.] Defendant continued to point the gun at the victim. [Id.] Once inside, Mr. Villa continued to attack the victim, punching and kicking him in the head and torso as Defendant continued to point his weapon at the victim. [Id.] Mr. Villa and Defendant continued to beat and threaten the victim. [Id.] Eventually, Defendant allowed the victim to make his way to the front yard when Mr. Villa started to attack the victim while Defendant remained inside the residence. [Id.] Mr. Villa was continuing to pummel the victim when deputies arrived at the residence. [Id.]

We hold that the State presented sufficient evidence to support Defendant's conviction for first degree kidnaping, including that Defendant did not voluntarily free Victim in a safe place, and that Defendant intended to hold the victim against his will in order to inflict physical injury upon him. [RP 161, 168, 169] Defendant continues to argue that he released the victim from confinement by allowing him to proceed to the front yard. [MIO 8] We disagree. Defendant participated in taking the victim from the street at gunpoint and in holding him at gunpoint while he was continuously beaten. When the victim was "allowed" to proceed to the front yard, the victim yet remained on the premises of the residence to which he had forcibly been taken at gunpoint and the victim continued to be beaten there. *See State v. Apodaca*, 118 N.M.

762, 765-66, 887 P.2d 756, 759-60 (1994) (stating that, on appeal, the appellate court views the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict). Moreover, as such, the jury could reasonably infer that Defendant did not release the victim to a safe place. [MIO 7] The victim remained in the place to which he had been forcibly taken; Defendant and Mr. Villa remained on the premises; Mr. Villa followed the victim to the front yard and continued to beat him there. To the extent Defendant continues to contend that he did not inflict the actual injuries [MIO 8], the jury could reasonably find beyond a reasonable doubt that Defendant inflicted the injuries to the victim by taking the victim from the street at gunpoint and holding a gun on the victim in order to ensure that Mr. Villa could continue to beat, pummel, and kick the victim. *See Riley*, 2010-NMSC-005, ¶ 12 (stating that it is not our role on appeal to reweigh the evidence or resolve conflicts that the evidence presented). Finally, to the extent Defendant continues to dispute the victim's version of the events [MIO 3-4], "the jury is free to reject [the d]efendant's version of the facts." *Rojo*, 1999-NMSC-001, ¶ 19. As such, the jury was entitled to disbelieve Defendant's assertions that he had nothing to do with the incident or that he couldn't have participated because he was in a wheelchair at the time. *Id.* Similarly, the jury was entitled to disbelieve his co-

conspirator Mr. Villa's statements, in connection with his guilty plea, that Defendant did not have anything to do with the incident. *Id.* "It was for the [jury] as fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay." *State v. Rael*, 1999-NMCA-068, ¶ 27, 127 N.M. 347, 981 P.2d 280 (alteration in original) (internal quotation marks and citation omitted). Finally, to the extent Defendant argues that the district court erred in allowing the State to show a "myspace photo" of Defendant holding a gun [MIO 4], Defendant does not indicate that the context of the introduction of the photo or that trial counsel objected to the photo below. In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon. *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. Moreover, Defendant does not indicate how presentation of the photo prejudiced him. *State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994) ("In the absence of prejudice, there is no reversible error."); *see also In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

For these reasons, we affirm the judgment and amended judgment, convicting Defendant of first degree kidnaping.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**

8