This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 30,831**

**RONALD MADRID,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J. C. ROBINSON, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals the district court decision to affirm the DWI conviction entered by the magistrate court following a trial de novo. We proposed to affirm in a calendar notice, and Defendant responded with a memorandum in opposition. We

have duly considered Defendant's arguments, but we find them unpersuasive. We affirm.

Defendant continues to claim that the videotape should have been suppressed based on the State's failure to timely disclose the evidence. Defendant claims that he was prejudiced by the district court's consideration of the videotape because, without the videotape, the district court was left with Officer Epperson's testimony that he had observed the reading of the advisement but had not paid attention to the full advisement, and Officer Barde's testimony that he did not recall any advisement. [MIO 2, 18-19] This argument attempts to remove consideration of the issue of a remedy for a discovery violation which we review under an abuse of discretion standard from the case by substituting Defendant's dissatisfaction with the evidence that was eventually presented to the court after it had ruled. *See State v. Duarte*, 2007-NMCA-012, ¶ 3, 140 N.M. 930, 149 P.3d 1027 (reaffirming abuse of discretion as a ruling that is untenable, not justified by reason, or clearly against the logic and effect of the facts and circumstances of the case). We will confine ourselves to the proper scope and standard of review.

We have no argument with the general notion that the "State" encompasses the entire prosecution team. The entire prosecution team, including the police, has an obligation to provide a defendant with discovery of all potentially exculpatory material in its collective possession, which obligation is enforceable in the court's discretion by imposing sanctions for failure to disclose. *See State v. Jackson,* 2004-NMCA- 057*, ¶¶* 10, 12, 135 N.M. 689, 92 P.3d 1263, *accord Kyles v. Whitley*, 514

U.S. 419, 437 (1995) (stating that disclosure requirement applies to others acting on the prosecutor's behalf in the case, including police officers). Applicable court rules expand what must be provided to include items material to the preparation of a defense in addition to exculpable items. *See* Rule 6-504 NMRA (magistrate); Rule 5-501 NMRA (district).

Defendant argues that Officer Epperson testified "to his prior knowledge of the video's existence," and that Officers Epperson and Tolley "were aware of the video throughout the proceedings below." [MIO 14-15] These statements are based on Defendant's reference to the transcript of the suppression hearing at which Officer Epperson "testified to his belief" that the advisement to Defendant had been recorded, and the State declared that Officer Tolley "may have been the officer responsible for recording the events that occurred that day" [MIO 2-3] It seems clear that the State was at least vaguely aware of the possibility of the tape's existence at the hearing, and when the suppression hearing reconvened, the State acknowledged that the videotape existed. The videotape had never been provided by the officers, nor had the videotape ever been mentioned during the entire magistrate court trial. [MIO 3-4] Nevertheless, Defendant was able to view the relevant portion of the tape one week before the hearing on his motion to suppress the chemical test, and [MIO 4] a continuance was granted to allow Defendant to review the entire videotape. [MIO 5] Thus, despite the negligence of the State in producing it to the defense, the focus for our review should turn on the reasonableness of the district court's discretion in allowing the tape as evidence in the suppression hearing after allowing production to Defendant in its

entirety and providing Defendant a continuance to view it and determine its import to the defense.

Defendant claims prejudice because the videotape provided the district court with more information about the advisement given to Defendant than that provided by the officers' testimony. We regard this argument as unavailing. First, Defendant's argument seems rooted in a notion of the tape being more *inculpatory* than the testimony of the officers alone. That is not the issue here. "The fact that competent evidence may tend to prejudice a defendant is not grounds for exclusion of that evidence." *State v. Hogervorst* 90 N.M. 580, 588, 566 P.2d 828, 836 (Ct. App. 1977). Defendant's assertion the district court would have ruled that Defendant was not properly advised of his implied consent rights had the videotape been suppressed is not a fact for our consideration. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). The district court did not abuse its discretion by refusing to suppress the use of the videotape in the motion to suppress the test as a sanction against the State.

Defendant continues to claim that one juror, an employee of a school district where one witness was on the board, should have been excused. The juror stated that she would like to think but could not be sure that no repercussions would result if Defendant was found not guilty. This is a situation where a juror might consider the consequences of rendering a verdict, yet Defendant refers to situations in which the challenged juror was the wife of a commissioned sheriff's deputy, was a paid employee of the brother-in-law of the victim's father, was an employee of the

4

prosecuting agency, or was a close relative of a participant in the trial. [MIO 20-21] Defendant claims that, because any decision that the witness makes while on the school board would affect the juror, bias is implied. [MIO 22] The district court found that the hesitation expressed by the juror "fell short of stating that she was intimidated by the officer or that she could not be fair and impartial." [MIO 6] Dismissal of a juror for cause is within the discretion of the court. *State v. Isiah*, 109 N.M. 21, 30, 781 P.2d 293, 302 (1989), *overruled on other grounds by State v. Lucero*, 116 N.M. 450, 863 P.2d 1071 (1993). The court did not abuse its discretion in refusing to excuse the juror.

Defendant again claims that Officer Barde should not have been allowed to testify that it was obvious that Defendant was intoxicated. [MIO 6] The statement was admitted as a lay opinion, which [id.] under Rule 11-701 NMRA, is permissible when based on personal observations and perceptions. *See Hansen v. Skate Ranch, Inc.*, 97 N.M. 486, 491, 641 P.2d 517, 522 (Ct. App. 1982). Any deficiency here in the ability of the witness to perceive or summarize his perceptions in the form of an opinion goes to the weight of the evidence and not to its admissibility. *Id.* The officer observed that Defendant had slurred speech and bloodshot eyes, saw Defendant park his vehicle in an unusual manner, noticed that Defendant stumbled on exiting the vehicle and recalled that he was irate about the officer being on his property, and was told by Defendant that he would not drive because he was a little buzzed. [MIO6-7] We hold that the officer's perceptions were rationally related to and sufficiently

5

formed the basis for his opinion that Defendant was intoxicated. The district court did not abuse its discretion in allowing the officer to give his lay opinion.

Defendant continues to claim that he should have been allowed to submit an instruction on careless driving as a lesser-included offense of DWI. Defendant claims that the officer's observation that he parked his vehicle in "a manner suggesting impairment" would support a charge of careless driving. [MIO 31] Defendant argues that intoxication was sufficiently in dispute and a jury could have found Defendant not guilty of DWI, but guilty of careless driving. Defendant goes to great lengths to convince this Court that careless driving is a lesser-included offense of DWI. We are not persuaded.

Defendant would have us believe that he could not commit DWI, under the facts of the case as alleged in the charging document and supported by the evidence, without also committing careless driving. [MIO 29] *See State v. Meadors*, 121 N.M. 38, 43, 908 P.2d 731, 736 (1995). Defendant was charged with aggravated DWI based on driving a vehicle while under the influence of drugs or liquor and refusing to submit to chemical testing. [RP 62] The evidence showed that the officer encountered Defendant two times following calls from Defendant's daughter. [MIO 6-7] Defendant had bloodshot eyes, slurred speech, and was very upset. He stated that he would not drive because he was a little buzzed. In the officer's opinion, Defendant was intoxicated. At the second encounter, the officer saw Defendant drive his vehicle, *after which* he parked it in an unusual manner. Defendant stumbled when exiting the vehicle. He was irate that the officer was on his property. [MIO 7] Based

6

on the allegations in the complaint and the evidence supporting the allegations, careless driving is not a lesser-included offense of DWI in this case. Defendant could have committed DWI, as described in the complaint, without also committing careless driving; notice of the DWI charge does not incorporate notice of a careless driving charge; and it is unlikely that evidence that Defendant parked his vehicle in an unusual manner would be sufficient to support a charge of careless driving. *See Meadors*, 121 N.M. at 44, 908 P.2d at 737. The district court did not err in refusing Defendant's instruction on careless driving.

Defendant contends that it was error to refuse his instruction on excessive force as a defense to the charge of resisting an officer. Officer Barde asked Defendant to approach his car in order to conduct field sobriety tests. [MIO 7] Defendant did not comply, but instead walked away toward his house. The officer warned Defendant a few times to stop or he would used his taser gun. The officer used the gun, but the wires from the taser gun detached from Defendant as he continued walking toward his house. The district court found that Defendant had already evaded the officer before he used his taser gun so excessive force could not be used as a defense to the charge. However, the court gave an instruction on self defense based on the fact that Defendant continued to walk toward his house. [MIO 11-12] Self defense based on excessive force is not available where an officer used the force necessary to effect an arrest. *State v. Kraul*, 90 N.M. 314, 319, 563 P.2d 108, 113 (Ct. App. 1977). Here, Defendant resisted the officer when he refused to comply with the officer's request and walked away. Defendant's decision to resist the officer was not prompted by the

7

use of the taser gun. Therefore, the use of the taser gun could not negate the element of resisting an officer that pertains to the officer being in discharge of his duties. We affirm on this issue.

For the reasons discussed in this opinion and in our calendar notice, we affirm.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**CYNTHIA A. FRY, Judge**