915 P.2d 318

**In the Matter of ERNESTO M., JR., a Child.**

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**ERNESTO M., JR., Defendant–Appellant.**

No. 16203.

Court of Appeals of New Mexico.

Feb. 1, 1996.

Certiorari Denied March 21, 1996.

Tom Udall, Attorney General, Gail Mac-Questen, Assistant Attorney General, Santa Fe, for Appellee.

Leonard J. Foster, Law Office of Leonard J. Foster, Albuquerque, for Appellant.

## OPINION

PICKARD, Judge.

1. Ernesto M. (Child) appeals the adult sentence invoked by the children's court after he admitted to committing four crimes out of an eight-count indictment and thereby established that he was a "youthful offender." *See* NMSA 1978, § 32A–2–3(I) (Repl. Pamp.1993). Child raises seven issues on appeal: 1) NMSA 1978, Section 32A–2–20 (Repl.Pamp.1993) is unconstitutionally vague; 2) the children's court erred in weighing the sentencing factors under Section 32A–2–

20(C); 3) there was insufficient evidence adduced at the dispositional hearing that Child is not amenable to treatment; 4) there was insufficient evidence adduced at the dispositional hearing that Child is not eligible for commitment to an institution for the developmentally disabled or mentally disordered; 5) the children's court erred when it failed to conduct a timely dispositional hearing; 6) Child's constitutional rights were violated by the children's court's imposition of a sentence which amounts to cruel and unusual punishment; and 7) Child received ineffective assistance of counsel. We affirm.

### FACTS

2. In December 1993, Child and a friend began to rob a convenience store, then beat, kidnapped, and repeatedly raped the clerk (Victim), both anally and vaginally. Child confessed to four of the eight crimes for which he was charged. A dispositional hearing was held in December 1994. Victim testified that Child had been the aggressor during the assaults and had giggled and laughed while perpetrating the rapes. He had also threatened to kill her, asking her if she was ready to die. When the Victim did not cry, Child told her that she was supposed to cry, and he appeared bothered that she was not crying. At the time of the attack, Child was seventeen years old. Several experts testified about Child's psychological and mental condition, and other witnesses testified about the treatment options available for juvenile offenders such as Child. The children's court found that Child was not amenable to treatment and was not eligible for commitment to an institution for the developmentally disabled or mentally disordered. Child was sentenced as an adult to thirty years in the custody of the New Mexico corrections division.

### DISCUSSION

#### 1. Constitutionality of Statute

■ 3. Section 32A–2–20(A) provides that the children's court has discretion to determine that a child, who has committed a serious felony and is thereby a youthful offender under Section 32A–2–3(I), should be sentenced as an adult. Before the court may invoke an adult sentence, Subsection (B) requires the judge to make two findings: (1)

the child is not amenable to treatment or rehabilitation as a child in available facilities; and (2) the child is not eligible for commitment to an institution for the developmentally disabled or mentally disordered. Subsection (C) of the statute requires the children's court judge to consider the following factors when deciding whether to invoke an adult sentence:

(1) the seriousness of the alleged offense;

(2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

(3) whether the alleged offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted;

(4) the sophistication and maturity of the child as determined by consideration of the child's home, environmental situation, emotional attitude and pattern of living;

(5) the record and previous history of the [child];

(6) the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of procedures, services and facilities currently available; and

(7) any other relevant factor, provided that factor is stated on the record.

4. Child complains that Section 32A–2–20 is unconstitutionally vague because it does not provide a standard of proof to guide the court's decision. The constitutional challenge brought by Child in this case is similar to the challenge raised by the children in *State v. Doe*, 103 N.M. 233, 704 P.2d 1109 (Ct.App.), *cert. denied*, 103 N.M. 177, 704 P.2d 431 (1985) (hereinafter *103 Doe* ).

5. The children in *103 Doe* challenged NMSA 1978, Section 32–1–30 (Repl.Pamp. 1981) (since repealed) on the grounds that it was unconstitutionally vague, failed to provide a standard of proof, failed to provide adequate notice of the factors to be considered, and deprived the children of meaningful appellate review. *103 Doe*, 103 N.M. at 238, 704 P.2d at 1114. Section 32–1–30 was similar to the statute challenged by Child in

this case in that both concern the treatment of juvenile offenders as adults. Prior to the enactment of Section 32A–2–20, the children's court judge was permitted under Section 32–1–30 to transfer a criminal matter from the children's court to the district court under specified circumstances.

6. We note that Section 32–1–30 provided even less guidance to the children's court than Section 32A–2–20. *Compare* Section 32–1–30 *with* Section 32A–2–20. Nevertheless, this Court in *103 Doe* found that Section 32–1–30 passed constitutional muster. So long as the statute satisfied the due process rights of the child (e.g., notice, hearing, assistance of counsel, and statement of the judge's reasons for making the decision) no standard of proof for finding amenability was required. *103 Doe*, 103 N.M. at 238–40, 704 P.2d at 1114–16.

7. Applying the *103 Doe* analysis to the instant case indicates that Section 32A–2–20 is also constitutional. The State must notify the children's court and the child of its intent to invoke an adult sentence. Section 32A–2–20(A). The children's court is then required to hold a hearing. *Id.* The child is entitled to counsel during the proceedings. NMSA 1978, § 32A–2–14(B) (Repl.Pamp.1993). While the children's court is given discretion in deciding whether to sentence the child as an adult or juvenile, Section 32A–2–20(B) directs the court to find that the child is not amenable to treatment or rehabilitation and that the child is not eligible for commitment before an adult sentence may be invoked. The children's court is further directed by subsection (C) to consider seven individual factors when making the findings required by subsection (B).

8. We hold that Section 32A–2–20 is not arbitrary or discriminatory and adequately provides for the elemental due process rights of the child. Consequently, the statute satisfies constitutional requirements.

### 2. *Weighing of Factors*

■ 9. The children's court judge determined that the order of enumeration of the seven factors set forth in Section 32A–2–20 suggested that they were to be read in descending order of importance. Thus, the children's court determined that the seriousness of the offense was the most important factor to be considered in determining whether to sentence Child as an adult. Next, the court was to examine the manner of the Child's acting, and so on.

■ 10. Child asserts that this method of balancing prejudiced him. An assertion of prejudice is not a showing of prejudice. *State v. Hoxsie*, 101 N.M. 7, 10, 677 P.2d 620, 623 (1984), *overruled on other grounds by Gallegos v. Citizens Ins. Agency*, 108 N.M. 722, 731, 779 P.2d 99, 108 (1989). Child has not indicated how the determination that he should be sentenced as an adult would have been different had the children's court employed a different methodology.

11. At the dispositional hearing, the children's court concluded that almost all of the factors weighed against sentencing Child as a juvenile. The crimes which Child admitted committing were extremely serious. Victim testified that Child instigated many of the crimes, which were committed in an aggressive, violent, premeditated, and willful manner. Child perpetrated his crimes against a person rather than property. The children's court found Child to be of average intelligence. Child did not have a prior criminal history, which the court did weigh in Child's favor. Finally, based on the testimony of some of the experts, the children's court was concerned that the length of time during which Child would be subject to the jurisdiction of the children's court was insufficient to ensure the protection of society against future crimes by Child. The children's court did not find any other factors to be relevant.

12. Considering the factors, the evidence supported the children's court's determination that Child was not amenable to treatment and was not eligible for commitment. Our review of the judge's findings as to each factor does not indicate that using a different method of considering the factors would have resulted in a different outcome for Child. On the facts of this case, there was ample evidence as to each of the enumerated factors in Section 32A–2–20(C) to justify the children's court's decision to impose an adult sentence on Child.

### 3. *Amenability to Treatment*

13. Child complains that the children's court abused its discretion when it found that Child was not amenable to treatment or rehabilitation as a child in available facilities. Child maintains that the expert testimony was uncontradicted that he was amenable to treatment and that he was eligible for treatment in available, appropriate facilities. We disagree.

14. It is well settled in New Mexico that a fact finder may disregard the opinions of experts. *State v. Alberico,* 116 N.M. 156, 164–65, 861 P.2d 192, 200–01 (1993). The children's court thought the testimony of one expert was interesting, but not credible. The children's court may have found Victim's description of the events that night to be more persuasive than the testimony of the experts. Victim's testimony supported the children's court's view that Child initiated the attack and took pleasure in humiliating and torturing Victim. We ·cannot say that the judge abused his discretion in viewing the proffered evidence in this manner.

15. Moreover, the testimony of the experts was not uncontradicted as Child claims. Two psychological experts testified that Child was amenable to treatment, but another expert was not sure. This expert indicated that Child did not accept full responsibility for his actions, in spite of his admissions to the crimes. This expert also testified that Child felt that he had "immunity" as a minor and would receive a comparatively light sentence as a juvenile. Again, the testimony of the experts was conflicting as to Child's true amenability to treatment. The children's court, as fact finder, was entitled to weigh the evidence and determine the proper outcome. It was for the children's court as fact finder to resolve any conflict in the testimony of the witness and to determine where the weight and credibility lay. *State v. Roybal,* 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct.App.), *cert. denied,* 114 N.M. 550, 844 P.2d 130 (1992). The question is whether the children's court's decision is supported by substantial evidence, not whether the court could have reached a different conclusion. *State v. Anderson,* 107 N.M. 165, 168, 754 P.2d 542, 545 (Ct.App.1988).

16. Moreover, even if the psychological testimony had been uncontroverted in this case, the children's court judge would still have been within his discretion in sentencing Child as an adult. As in *103 Doe,* the children's court was concerned that the jurisdiction of the children's code would not provide sufficient time for Child's therapeutic and rehabilitation needs to be met consistent with the security needs of the public. *See 103 Doe,* 103 N.M. at 241, 704 P.2d at 1117; § 32A–2–20(C)(6). There was evidence that the best placement facility had a recidivism rate of thirty percent within six months of discharge. The children's court stated on the record that the "risk was too great" to gamble that Child could be effectively treated and rehabilitated within the jurisdictional time constraints faced by the children's court. This determination is consistent with the evidence and the provisions of Section 32A–2–20(B) and (C). Section 32A–2–20(C)(6) provides that in determining whether a child is amenable to treatment or rehabilitation, the children's court shall specifically determine "the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the· child by the use of procedures, services and facilities currently available."

17. In New Mexico, only one decision relating to trial or sentencing of a child as an adult has been overturned on appeal for failure to follow the uncontradicted opinion of the experts. *See State v. Doe,* 93 N.M. 481, 601 P.2d 451 (Ct.App.1979) (hereinafter *93 Doe* ). That case involved a youth who shot a friend on a hunting trip. This Court reversed the transfer of the case to the district court, citing the uncontradicted evidence of the experts that the child was amenable to treatment in available facilities. *See id.* at 483, 601 P.2d at 453. We do not find the facts in the instant case to be in any way similar to the fact pattern in *93 Doe.* We affirm the decision of the children's court that Child was not amenable to treatment in available facilities.

### 4. *Eligibility for Commitment or Rehabilitation*

18. Child challenges the children's court's determination that he was not eligi-

**568**

ble for commitment to an institution for the developmentally disabled or mentally disordered. Again, the expert testimony was conflicting regarding whether Child was mentally retarded or developmentally disabled such as to warrant residential services. *See* NMSA 1978, § 43–1–13(E) (Repl.Pamp. 1993) (developmental disability must create imminent likelihood of serious harm to self or others to warrant institutionalization). The children's court did not err when it determined that Child was not eligible for commitment. *See State v. Doe*, 98 N.M. 567, 569, 650 P.2d 851, 853 (Ct.App.) (where there is no available facility offering adequate treatment, children's court may find child "not committable"), *cert. denied*, 98 N.M. 590, 651 P.2d 636 (1982).

### 5. *Timeliness of Dispositional Hearing*

19. Child asserts that the children's court failed to conduct the dispositional hearing within 20 days of the filing of the predisposition report, thus violating Child's procedural due process rights. *See* SCRA 1986, 10–229(B). Based on Child's calculations, the hearing was held 25 days after receipt of the report by the court. However, we note that Child failed to preserve this issue by bringing the matter to the attention of the children's court, and there is no evidence in the record to substantiate Child's claim. To preserve an issue for appellate review, it must appear that a ruling by the district court was fairly invoked. SCRA 1986, 12–216(A) (Cum.Supp.1995). Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the lower court's judgment. *State v. Garcia*, 83 N.M. 794, 795, 498 P.2d 681, 682 (Ct.App.1972). As a result of his failure to object to the alleged untimeliness of the hearing below, Child waived any objections to the timeliness of the hearing, if it was indeed untimely.

### 6. *Cruel and Unusual Punishment*

20. Child contends that sentencing him as an adult to a thirty-year term constitutes cruel and unusual punishment because it deprives him of any hope of meaningful therapeutic intervention or rehabilitation. Child maintains that the evidence was "uncontradicted" that he was in need of and amenable to treatment. We disagree.

21. As we explained above, contrary to Child's contention, the experts who testified did not unanimously find that Child could be effectively treated or rehabilitated within the jurisdictional time constraints faced by the children's court. There was conflicting testimony regarding both Child's amenability to treatment and the efficacy of the treatment options. Moreover, the district court, as the fact finder in determining a proper sentence, was permitted to disbelieve the testimony of the experts. After hearing the evidence of the crime perpetrated by Child and reviewing the available sentencing options, the district court concluded that Child should be sentenced as an adult.

22. Sentencing a child as an adult does not constitute cruel and unusual punishment. *State v. Walker*, 252 Kan. 117, 843 P.2d 203, 213–14 (1992); *State v. Massey*, 60 Wash.App. 131, 803 P.2d 340, 348, *rev. denied*, 115 Wash.2d 1021, 802 P.2d 126 (1990), *and cert. denied*, 499 U.S. 960, 111 S.Ct. 1584, 113 L.Ed.2d 648 (1991). The test of whether a sentence constitutes cruel and unusual punishment is:

> [W]hether in view of contemporary standards of elemental decency, the punishment is of such disproportionate character to the offense as to shock the general conscience and violate principles of fundamental fairness.

*Massey*, 803 P.2d at 348.

23. In this case, there was evidence that Child was the instigator of the crimes against Victim. The children's court heard the evidence and found that Child essentially tortured Victim and enjoyed himself while doing so. The evidence also suggested that Child thought that he was immune from prosecution because of his age. Under the circumstances, sentencing a seventeen-year-old child who has admitted to committing such crimes as an adult does not constitute cruel and unusual punishment.

### 7. *Ineffective Assistance of Counsel*

24. Child complains that he received ineffective assistance of counsel be-

cause trial counsel did not challenge the constitutionality of Section 32A–2–20 at the dispositional hearing or the trial court's assignment of weights to the factors, and he did not object to the imposition of an adult sentence as cruel and unusual punishment. Child also complains that his counsel did not request recusal of the children's court judge. Child's argument is without merit.

25. In order to prevail on a claim of ineffective assistance of counsel, Child must show both that his counsel was not reasonably competent and that counsel's incompetence prejudiced Child. *State v. Gonzales,* 113 N.M. 221, 229–30, 824 P.2d 1023, 1031–32 (1992). Child must demonstrate that, but for the errors of his counsel, the result at the hearing would have been different. *State v. Scott,* 113 N.M. 525, 531, 828 P.2d 958, 964 (Ct.App.1991), *cert. quashed,* 113 N.M. 524, 828 P.2d 957 (1992). We are not persuaded that counsel's actions show that she was incompetent, nor do we agree that Child was prejudiced by counsel's representation.

26. As we discussed above, Section 32A–2–20 is constitutional, the children's court did not err in weighing the seven factors, and the sentence imposed constituted neither cruel nor unusual punishment. Any challenge by counsel on these three grounds would have been properly rejected by the children's court judge. Counsel was not remiss in her duties when she declined to pursue non-viable claims. *See State v. Stenz,* 109 N.M. 536, 538, 787 P.2d 455, 457 (Ct.App.), *cert. denied,* 109 N.M. 562, 787 P.2d 842 (1990). We have considered Child's other contentions and find them to be without merit.

### CONCLUSION

27. We affirm the sentence of the children's court.

28. **IT IS SO ORDERED.**

APODACA, C.J., and DONNELLY, J., concur.