This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  **NO. 29,630**

**JOHNNY REYES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals from the district court's affirmance of his conviction for DWI in violation of NMSA 1978, Section 66-8-102(A) (2007), following a bench trial in the metropolitan court. On appeal, Defendant challenges the sufficiency of the evidence to support his conviction. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which this Court has duly considered. Because we remain unpersuaded, we affirm.

**DISCUSSION**

In this Court's calendar notice, we proposed to conclude that testimony that Defendant smelled strongly of alcohol, had bloodshot watery eyes, admitted to having consumed two drinks, was very "thick-tongued," and performed poorly on the walk-and-turn test and on the one-leg-stand test was sufficient evidence, when viewed in the light most favorable to the verdict, to support Defendant's conviction pursuant to Section 66-8-102(A) (impaired to slightest degree). [CN 3] We further proposed to conclude that, to the extent Defendant argued his testimony directly contradicted the officers' testimony, the factfinder was free to reject Defendant's version of events. [CN 4-5] *See State v. Sarracino*, 1998-NMSC-022, ¶ 24, 125 N.M. 511, 964 P.2d 72 (observing that "although contrary evidence is presented which may have supported a different verdict, the appellate court will not weigh the evidence or foreclose a finding of substantial evidence" (internal quotation marks and citation omitted)).

Thus, to the degree Defendant pointed out that he paused in the intersection because he was having a problem with his transmission, that he was driving 5-10 miles per hour because there were speed bumps, that he had a bone missing in his ear and arthritis in his ankles that caused his poor performance on his field sobriety tests (and that he informed the officers of these conditions), and that the alcohol he admitted to consuming had been more than two hours earlier [DS 4-6], we pointed out that this Court will not reweigh the evidence on appeal, but must "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176; *State v. Roybal*, 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct. App. 1992) (noting that it is for the factfinder to evaluate the weight of the evidence, to assess the credibility of the various witnesses, and to resolve any conflicts in the evidence). [CN 5] We therefore proposed to affirm.

In his memorandum in opposition, Defendant continues to assert that there was insufficient evidence to support his conviction because he suffered from medical impairments that affected his ability to perform the field sobriety tests. [MIO 5-8] According to the docketing statement and memorandum in opposition, Defendant testified that he informed the officers that he had arthritis in his left ankle and was

missing a bone in his middle ear. [DS 5; MIO 4] The officers, however, testified that they did not recall Defendant informing them of any medical conditions and that neither officer noticed anything about Defendant's physical condition that would have obviously affected Defendant's performance. [MIO 2-3 ] In making its ruling, the trial court noted that Defendant had produced no evidence of how his medical impairments would have affected his performance on the field sobriety tests. [MIO 5]

To the extent Defendant continues to argue that his own testimony supports his innocence, we rely on the reasons stated above and in our calendar notice to conclude that these arguments deal with issues of credibility and weight, which this Court does not assess on appeal. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."). Likewise, Defendant's argument that the officer did not testify as to the degree of sway Defendant exhibited on the one-leg-stand test [MIO 7-8] also goes to the weight the trial court attributed to certain testimony. To the extent Defendant directs this Court to his own testimony as to how his medical conditions would affect his performance on the field sobriety tests, we reiterate that the trial court was free to disregard Defendant's testimony. *See State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (filed 2007) (stating that the trial "court could have disregarded [the

d]efendant's testimony that he weaved while driving because he was distracted by his cell phone, as well as his testimony that he was not impaired and that his performance on at least one of the field sobriety tests was affected by his back condition"). Finally, to the extent Defendant argues that the trial court erred by relying on the officers' assumption that Defendant's poor performance on the field sobriety tests was due to Defendant's consumption of alcohol, we disagree. There was sufficient information before the trial court for the judge to reasonably infer that Defendant's poor performance on the field sobriety tests was caused by alcohol consumption.

We note that the question for this Court on appeal is not whether the trial court could have reached a different conclusion, but whether the trial court's decision is supported by substantial evidence. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. Thus, it is sufficient that in this case there was evidence Defendant smelled strongly of alcohol, had bloodshot watery eyes, fumbled with his paperwork, admitted to having consumed two drinks, was very "thick-tongued," and performed poorly on the walk-and-turn test and on the one-leg-stand test. *See State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for DWI); *see also State v. Soto*, 2007-NMCA-077, ¶¶ 32, 34, 142 N.M.

32, 162 P.3d 187 (holding that there was sufficient evidence of DWI under the impaired-to-the-slightest-degree standard even though the officers observed no irregular driving, the defendant's behavior was not irregular, he was cooperative, and no field sobriety tests were conducted, given that the defendant "had red, bloodshot, and watery eyes, as well as slurred speech and a very strong odor of alcohol on his breath," the defendant admitted drinking, the officers observed several empty cans of beer where the defendant had been, and the officers testified that he was intoxicated).

**CONCLUSION**

For the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____

**ROBERT E. ROBLES, Judge**

