This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

**v.**                                                                                    **No. 30,393**

**MATTHEW J. DEVINS,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals his conviction for acquisition or attempt to acquire a controlled substance by misrepresentation. We proposed to affirm Defendant's conviction in a calendar notice, and we have received a memorandum in opposition to that calendar notice from Defendant. We have considered Defendant's arguments, but we are not persuaded that affirmance is not the correct disposition in this case. We therefore affirm.

Defendant was given a prescription by Dr. Neeley for 20 Vicodin. [MIO 2] When he submitted the prescription to be filled, the pharmacist believed it had been altered to prescribe 120 Vicodin. At the time of his arrest, Agent Elston recorded Defendant's statement.

**Identification of Defendant**

In his docketing statement, Defendant alleged that Officer Story did not identify Defendant; that the pharmacist "recognized the defendant," but did not identify "who it was he supposedly recognized"; that Dr. Neeley incorrectly identified Defendant, and the district court pointed out Defendant while Agent Elston was in the courtroom; and that, after Dr. Neeley testified, Agent Elston identified Defendant. [DS 3-4] In our calendar notice, we explained that the witnesses were not required to point to Defendant so long as there existed sufficient evidence to permit the jury to infer that the person being tried was the person that committed the charged crime. *See State v.*

*Hutchinson*, 99 N.M. 616, 623, 661 P.2d 1315, 1322 (1983). Here, the pharmacist that was presented with the altered prescription recognized Defendant. This was sufficient to permit an inference that Defendant was the person that attempted to have the altered prescription filled by the pharmacist.

In addition, the officer that recorded Defendant's statement identified Defendant. Although Defendant alleges that allowing Agent Elston to remain in the courtroom gave him the unfair advantage of viewing the district court's identification of Defendant, we point out that the pharmacist had already testified that he recognized Defendant. Also, given the fact that Agent Elston personally recorded Defendant's statement, there is nothing to suggest that his identification of Defendant was made only based on his observations in the courtroom. [MIO 3, 4-6] Defendant was not prejudiced by the decision to allow Agent Elston to remain in the courtroom. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

Defendant focuses on Rule 11-615 NMRA, claiming that Agent Elston was erroneously permitted to remain in the courtroom during the testimony of the other witnesses. [MIO 4-5] Defendant argues that allowing Agent Elston to remain in the courtroom went against the purposes of Rule 11-615 that witnesses not be influenced by the testimony of other witnesses and witnesses not be placed in a position to "craft

their testimony to be consistent with other witnesses' testimony." [MIO 7] This argument was not made to the district court. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (holding that, in order to preserve an issue for appeal, the defendant must make a timely objection that specifically apprises the district court of the nature of the claimed error and invokes an intelligent ruling thereon). In the district court, Defendant moved for directed verdict, asking that the charges be dismissed "based on the improper identification." [DS 4 (¶ 15); MIO 3-4] We hold that the claim now made in Defendant's memorandum in opposition was not properly preserved for appeal.

**Recorded Statement**

Defendant's recorded statement was played for the jury. Defendant claims that it was an abuse of the district court's discretion to allow the statement to be played, particularly because Defendant alleges that the recording contained a remark from Agent Elston regarding Defendant's credibility and the evidence in the case. [MIO 9] *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72 ("We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse."). According to Defendant, Agent Elston remarked, "I've never known anyone to be bitten by a black widow spider." [DS 8] Defendant claims that the remark suggested that Agent Elston did not believe

Defendant was bitten by a black widow spider and casts doubt on Defendant's reasons for obtaining a prescription. [MIO 9-10] Defendant claims that the remarks could have affected the jury's decision. [MIO 10] We hold that the remark is not a comment on Defendant's credibility, and does not, in any way, suggest that Defendant was lying about being bitten or that Agent Elston did not believe that Defendant was bitten by a black widow spider. Agent Elston merely remarked that he had never encountered a person that had been bitten by a black widow spider. The district court did not abuse its discretion when it allowed the recorded statement to be played for the jury.

**Dr. Neeley's Testimony**

During her testimony, Dr. Neeley stated that she had reviewed documents to refresh her memory as to the amount of Vicodin that she prescribed. Defendant moved to strike her testimony because the documents she had reviewed had not been provided to him. Defendant does not refer to any particular document that was not given to him, but claims that, because he did not receive the documents used to refresh the doctor's memory, it is difficult to know what documents might have been used by Dr. Neeley and it is impossible to know what might have been revealed by the documents. [MIO 11] Defendant speculates, however, that the documents may have shown that Dr. Neeley made an error on the prescription. [Id.]

As discussed in our calendar notice, the State has a duty to disclose evidence within its possession that it intends to use at trial or that is material to the preparation of the defense. *See State v. Clark*, 105 N.M. 10, 16, 727 P.2d 949, 955 (Ct. App. 1986). First, there is nothing to indicate that the State had the documents in its possession, and it is difficult to imagine how the State can be expected to disclose what it does not possess. Second, if the State did have the documents in its possession, Defendant has not demonstrated prejudice from the failure to produce the documents. *See In re Ernesto M.*, *Jr.*, 1996-NMCA-039, ¶ 10. Defendant knew that he was charged with altering the prescription, he knew that Dr. Neeley would testify about the prescription that was given to Defendant, he did not claim surprise at Dr. Neeley's testimony, and he did not claim that Dr. Neeley mistakenly wrote the prescription for 120 Vicodin rather than 20. *See State v. Dominguez*, 2007-NMSC-060, ¶ 25, 142 N.M. 811, 171 P.3d 750 ("The purpose of discovery before trial is to eliminate surprise and better ascertain the truth."); *see also State v. Allison*, 2000-NMSC-027, ¶ 9, 129 N.M. 566, 11 P.3d 141 (noting that a defendant may be prejudiced if the defendant is "lulled into a misapprehension of the strength of the state's case by the failure to fully disclose" (internal quotation marks and citation omitted)).

Furthermore, when Dr. Neeley testified that she used documents to refresh her memory, Defendant did not ask to see the documents, did not ask about the details of the documents, and did not request a continuance or break in order to obtain the documents for review. Instead, Defendant immediately moved to strike the doctor's testimony. This was not sufficient to alert the district court to the claims he now makes on appeal. *See Varela*, 1999-NMSC-045, ¶ 25.

Finally, we reject Defendant's claim that using notes or a copy of a written prescription to refresh the doctor's memory as to the prescription she wrote for Defendant falls within the area of scientific principles. [MIO 12]

**Sufficiency of the Evidence**

Defendant continues to claim that the evidence was insufficient to support his conviction. Defendant claims that Dr. Neeley's testimony was unreliable. Defendant suggests that Dr. Neeley could not remember the details of the events and could not be relied on to remember the details about the prescription she wrote. [MIO 13] Therefore, Defendant claims the only evidence that Defendant received a prescription was found in the Defendant's recorded statement. As stated in our calendar notice, we review the sufficiency of the evidence in the light most favorable to the verdict, and we indulge all reasonable inferences and resolve all conflicts in favor of the verdict. *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

7

It was for the jury to determine the weight to be given to the evidence and the credibility of the witnesses. *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. The jury was presented with evidence that Defendant received a prescription from Dr. Neeley for 20 Vicodin, the prescription presented to the pharmacist was for 120 Vicodin, and the prescription appeared to have been altered. The evidence was sufficient to support Defendant's conviction.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Judge**


_____
**RODERICK T. KENNEDY, Judge**