This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                          NO.   30,996

**ANTHONY G.,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Daniel Viramontes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

   Child appeals a judgment and sentence as an adult after an amenability hearing where the district court determined that he was not amenable to treatment. In particular, he argues that the amenability proceeding violated his constitutional rights.

In our notice, we proposed to find no violation of Child's constitutional rights and proposed to affirm. Child has timely responded to our proposal. We have considered his arguments and finding them unpersuasive, affirm.

Child concedes that our Supreme Court has held that there is no right to a jury trial on amenability to treatment, although he disagrees with the conclusion. *State v. Rudy B.*, 2010-NMSC-045, 149 N.M. 22, 243 P.3d 726, *cert. denied,* ___ U.S. ___ (No. 10-8530, U.S.N.M., April 18, 2011).

Child argues that his right to due process was denied because there is no set standard of proof for amenability proceedings. As we pointed out in our notice, New Mexico courts have consistently held that the lack of a standard of proof for the amenability findings does not violate due process. *State v. Gonzales*, 2001-NMCA-025, ¶ 35, 130 N.M. 341, 24 P.3d 776, *overruled by State v. Rudy B.*, 2009-NMCA-104, ¶ 1, 147 N.M. 45, 216 P.3d 810. Child does not argue why *Gonzales* is not dispositive in this case. Instead, he argues that this Court should analyze his right to due process applying the test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 321 (1976). Where, as here, however, our courts have already stated that there is no violation of due process for lack of a standard of proof, we will not reexamine the matter.

Child also argues that no stated standard of proof leads to a violation of equal protection. He argues that he is in a similarly situated group, but is being treated differently where some courts apply a preponderance of the evidence standard and some courts apply a clear and convincing standard to determine the amenability of a juvenile to treatment. It matters not what standard the district court applies below, as we have stated in numerous cases, because proof or disproof of amenability is not requisite to the district court's decision regarding disposition of a youthful offender. NMSA 1978, § 32A-2-20(A) (2009) (stating that "[t]he court has the discretion to invoke either an adult sentence or juvenile sanctions on a youthful offender"); *see In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 7, 121 N.M. 562, 915 P.2d 318 (discussing the discretion of the district court in sentencing a juvenile); *State v. Doe*, 103 N.M. 233, 238, 704 P.2d 1109, 1114 (Ct. App. 1985). We cannot say that Child is being treated differently from other youthful offenders based on different standards of proof on amenability where a finding of amenability is not dispositive of the district court's discretion. We do not find an equal protection violation.

Finally, Child continues to argue that the district court abused its discretion in finding him not amenable to treatment. As we pointed out in our calendar notice, we review the determination for sufficiency of the evidence to support the determination. Sufficiency of the evidence review does not allow us to weigh the evidence or

substitute our judgment for the fact finder. Because there was evidence before the district court that there was simply not enough time in the children's court's custody for the juvenile treatment to be effective, we conclude that there was sufficient evidence to support the district court's finding that the Child was not amenable to treatment.

For the reasons stated herein and in our notice of summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**CYNTHIA A. FRY, Judge**