This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                NO. 32,013

**LUIS ENRIQUE DUARTE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Andria L. Cooper, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

The State appeals an order suppressing evidence of cocaine that Defendant had in a Marlboro cigarette box. In our notice of proposed summary disposition, we proposed to affirm. The State has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by the State's arguments, we affirm.

**Defendant's Standing to Contest the Search**

In the State's docketing statement, it asserted that Defendant lacked standing to contest the search of the cigarette box because he did not have a reasonable expectation of privacy in the box. [DS 3] The State's argument was based on the fact that Defendant did not expressly claim ownership of the box and no direct evidence was presented that Defendant had a reasonable expectation of privacy in the box that was found under the hood of a nearby truck. [DS 3] Based on the evidence presented in the district court, we proposed to hold that Defendant either owned or lawfully possessed the cigarette box such that he had a reasonable expectation of privacy in it and its contents. The State does not challenge this proposed conclusion in its memorandum in opposition, and we therefore conclude that Defendant had a reasonable expectation of privacy in the box such that he had standing to challenge its seizure and search.

**Abandonment of the Cigarette Box**

In the State's docketing statement, it argued that Defendant had physically relinquished the cigarette box under the hood of a truck and that because (1) he did not have standing to contest the search of the truck, (2) he did not expressly claim ownership of the cigarette box during the encounter with police, and (3) the cigarette box was found in plain view under the hood of the truck, the search and seizure of the box was lawful. [DS 3] In our notice of proposed summary disposition, we proposed to construe this argument as one that Defendant had abandoned the cigarette box. We proposed to affirm because it did not appear that the State had preserved in the district court any argument that Defendant had abandoned the box. In the alternative, we stated that viewing the facts and the reasonable inferences to be drawn from those facts in the light most favorable to the district court's ruling, Defendant had not abandoned the box. *See State v. Leyva*, 2011-NMSC-009, ¶ 30, 149 N.M. 435, 250 P.3d 861 (stating that an appellate court views the facts in the light most favorable to the district court's ruling on a motion to suppress).

In the State's memorandum in opposition, it asserts that it preserved its abandonment argument because (1) it preserved an argument that Defendant lacked standing to challenge the seizure and search of the cigarette box, and (2) if a person has abandoned an item, he has no standing to challenge its seizure and search. [MIO 7] We are not persuaded by the State's reasoning. Not every argument that a person

3

lacks standing to challenge a search of an object necessarily involves an argument that the item was abandoned. Abandonment is a fact-dependent analysis. *See State v. Celusniak*, 2004-NMCA-070, ¶ 26, 135 N.M. 728, 93 P.3d 10. As explained above, the State's argument regarding standing did not address abandonment, but instead simply asserted that Defendant never established that the cigarette box was his in the first place. This is a separate question from one that asks whether he abandoned the item. Accordingly, the State has not demonstrated that it preserved this argument on appeal, and reversal on this basis is therefore not warranted.

However, in the event that we are incorrect and the State did actually preserve an argument that Defendant abandoned the cigarette box, we would nevertheless affirm based on the reasons stated in our notice. The State, as the party seeking to prove abandonment, was required to do so by clear and unequivocal evidence. *Id.* Viewing the evidence in the light most favorable to the district court's ruling, we conclude that the State failed to meet its burden. Although the State asserts that Defendant's act of placing the cigarette box under the hood of a vehicle in the driveway in which Defendant was standing was consistent with an attempt to abandon the box, the State's argument essentially asks this Court to draw a reasonable inference contrary to the district court's ruling. This we will not do, so long as the evidence is sufficient to support the ruling. *See In re Ernesto M., Jr.*, 1996-NMCA-

4

039, ¶ 15, 121 N.M. 562, 915 P.2d 318 (stating that when an appellate court reviews the sufficiency of the evidence, the question is whether the district court's "decision is supported by substantial evidence, not whether the [district] court could have reached a different conclusion"). Here, Defendant did not throw the cigarette box or drop it on the ground. Instead, he purposefully placed it under the hood of a vehicle in the driveway he was in. This evidence was consistent with an effort to seek to hide the evidence from the police in a location in which Defendant was continuing to maintain a presence. *See State v. Sublet*, 2011-NMCA-075, ¶ 28, 150 N.M. 378, 258 P.3d 1170 (holding that an effort to conceal an item from the police in a home does not constitute evidence of abandonment); *Celusniak*, 2004-NMCA-070, ¶ 32 (holding that, even in the light most favorable to the district court's ruling, the facts did not support a ruling of abandonment where the defendant attempted to conceal a purse under the driver's seat of the car in which she had been a passenger).

**Denial of the State's Motion for a Continuance**

The State contends that the district court erred when it refused to grant the State's motion for a continuance. [DS 4] In our notice of proposed summary disposition, relying on the factors set out in *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20, we proposed to hold that the district court did not abuse its discretion under the facts of the case. The State responds by arguing that the

prosecutor had not been aware that the hearing was to be an evidentiary hearing and so, although he was able to reach two officers in time for the hearing, he had not had time to speak to them in detail about the case. [MIO 15] However, the officers testified at the hearing, and the State does not assert that there was any particular testimony that it was not able to elicit that it would have elicited if the continuance had been granted. Therefore, we are not persuaded that the State was prejudiced, and we find no abuse of discretion in the district court's ruling.

For the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**J. MILES HANISEE, Judge**