This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 33,542**

**JAVIER FLORES-SOTO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant appeals from two convictions for criminal sexual contact with a minor (CSCM). We previously issued a notice of proposed summary disposition in

which we proposed to uphold the convictions. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we affirm.

{2} We previously set forth the pertinent background information, including a description of the evidence presented below and the applicable analytical framework, in the notice of proposed summary disposition. We will avoid unnecessary reiteration here. Instead, we will focus on the substantive material advanced in the memorandum in opposition.

{3} First, Defendant renews his challenge to the sufficiency of the evidence. [MIO 5-9] Specifically, Defendant contends that the evidence against him should not have been credited on grounds that: (1) the victim had previously made similar allegations against a different individual, and (2) both the victim and her mother may have had personal reasons to testify falsely against him. [MIO 7-9]. However, on appeal we cannot re-weigh the evidence or second-guess the factfinder's credibility determinations. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."), *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683; *State v. Armijo*, 2005-NMCA-010, ¶ 4, 136 N.M. 723, 104 P.3d 1114 ("[I]t is for the fact-finder to evaluate the weight of the evidence,

2

to assess the credibility of the various witnesses, and to resolve any conflicts in the evidence; we will not substitute our judgment as to such matters."). We therefore reject Defendant's first assertion of error.

{4}	Second, Defendant continues to argue that there were problems with the quality of the interpretation provided at trial such that he was denied due process. [MIO 9-10] However, Defendant acknowledges that the necessary facts were not developed on the record below. [MIO 9] As a consequence, we conclude that this issue is not properly before us on the merits. *See, e.g.*, *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 19, 121 N.M. 562, 915 P.2d 318 (declining to address a due process argument on appeal where the defendant failed to preserve the issue by bringing it to the attention of the court, and where there was nothing in the record to substantiate the claim); *and see generally State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195 ("It is defendant's burden to bring up a record sufficient for review of the issues he raises on appeal.").

{5}	Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{6}	**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**


_____

**J. MILES HANISEE, Judge**