This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                              **NO. 34,355**

**ERNEST GARDUNO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Defendant appeals from the district court's order revoking his probation. The

district court concluded that Defendant violated his probation by committing the act of shoplifting. On appeal, Defendant contends that there was insufficient evidence to support the revocation of his probation, and the district court abused its discretion in not granting a continuance. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

**Sufficiency of the Evidence**

{2}     Defendant contends that there was insufficient evidence to demonstrate that he was shoplifting and, thus, support the revocation of his probation. *See State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (stating that proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation"). Specifically, Defendant argues that he was not attempting to leave the store with multiple unbagged items; rather, Defendant contends that he was looking for an item at the front of the store when he was stopped by a loss prevention officer. We pointed out in our calendar notice that contrary testimony is not a basis for reversal. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

**{3}** Defendant maintains that the district court abused its discretion in revoking Defendant's probation, because Defendant presented a reasonable explanation of his actions that night. [MIO 4] It is not, however, the function of the appellate court to reweigh evidence; rather, we defer to the district court's determinations of weight and credibility. *See State v. Vigil*, 1975-NMSC-013, ¶ 16, 87 N.M. 345, 533 P.2d 578 (holding that it is for the factfinder to determine the credibility of the witnesses and the weight to be given to their testimony, and the factfinder may reject a defendant's version of an incident); *see also State v. Gonzales*, 1999-NMCA-027, ¶ 9, 126 N.M. 742, 975 P.2d 355 ("It is a bedrock principle of appellate practice that appellate courts do not decide the facts in a case."). Thus, we conclude Defendant has failed to demonstrate error in this regard. Moreover, to the extent Defendant contends that the district court erred in its assessment of Defendant's credibility, we conclude that Defendant has failed to demonstrate error for the same reason.

**Denial of Continuance**

**{4}** Defendant contends that the district court erred in refusing to grant a continuance. In this Court's calendar notice, we pointed out that the district court provided an extension of time for "preparation and presentation of a defense." [CN 4] Thus, we suggested that to the extent Defendant was arguing that the district court should have also continued the presentation of the State's evidence, Defendant had

3

provided no indication of how the district court's failure to postpone the hearing in its entirety had prejudiced Defendant. [CN 3-4]

**{5}** In response, Defendant asserts that he was prejudiced by the district court's failure to postpone the State's presentation of evidence, because—if the district court had continued the revocation hearing—the defense could have effectively cross-examined the Wal-Mart employee with the requested (but not produced) video. [MIO 2, 5] We note that Defendant has not actually described the content of the video and how it would have allowed him to impeach the Wal-Mart employee. *See State v. Guerra*, 2012-NMSC-027, ¶ 30, 284 P.3d 1076 (recognizing that in the absence of demonstrating harm done by alleged errors, there is no due process violation); *In re Ernesto M.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Moreover, any prejudice asserted by Defendant stemming from not being able to prepare for cross-examination prior to the State's presentation of evidence, could have been easily remedied by recalling the Wal-Mart employee during the presentation of Defendant's case. Because we conclude that Defendant has failed to establish prejudice stemming from the district court's refusal to postpone the entire proceeding, we conclude that Defendant has not demonstrated that reversible error occurred.

**{6}** For the reasons stated above and in this Court's notice of proposed disposition,

we affirm the revocation of Defendant's probation.

{7}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**RODERICK T. KENNEDY, Judge**