This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38236**

**STATE OF NEW MEXICO ex rel.
CHILDREN YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**ANTONIO E.,**

      Respondent-Appellant,

and

**DANIELLE S.,**

      Respondent,

and

**IN THE MATTER OF SEBASTIAN S-E.,
ANTONIO E., III, and IZABELLA S-E.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Matthew E. Chandler, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

The Herrmann Law Firm L.L.C.
Benjamin E. Herrmann
Clovis, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**     Respondent Antonio E. appeals from a district court adjudication of abuse and neglect. We issued a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition. We affirm.

### Sufficiency of the Evidence

**{2}**     Respondent Antonio E. continues to challenge the sufficiency of the evidence to support the adjudication of abuse and neglect of his three biological children. In abuse and neglect adjudications, the standard of proof required is clear and convincing evidence. *See* NMSA 1978, § 32A-4-20(H) (2014). "For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and the fact[-]finder's mind is left with an abiding conviction that the evidence is true. The function of the appellate court is to view the evidence in the light most favorable to the prevailing party, and to determine therefrom if the mind of the fact[-]finder could properly have reached an abiding conviction as to the truth of the fact or facts found." *State ex rel. Children, Youth & Families Dep't v. Michelle B.*, 2001-NMCA-071, ¶ 12, 130 N.M. 781, 32 P.3d 790 (internal quotation marks and citation omitted). "On appeal, [this Court will] not reweigh the evidence or substitute our judgment for that of the [district] court on factual matters or on matters of credibility." *State ex rel. Children, Youth & Families Dep't v. William M.*, 2007-NMCA-055, ¶ 59, 141 N.M. 765, 161 P.3d 262. "We will uphold the district court's judgment if, viewing the evidence in the light most favorable to the judgment, a fact[-]finder could properly determine that the clear and convincing standard was met." *State ex rel. Children, Youth & Families Dep't v. Hector C.*, 2008-NMCA-079, ¶ 11, 144 N.M. 222, 185 P.3d 1072 (internal quotation marks and citation omitted).

**{3}**     In this case, the district court entered extensive findings to support its ruling. [RP 341] At the time of the adjudicatory hearing, all of Respondent's children were under the age of four. [RP 342] The youngest, Antonio E., III, was born March 24, 2018. [RP 342] In May and June of 2018, Antonio E., III, suffered eleven rib fractures  and facial injuries. Dr. Leslie Strickler described the rib injuries and dated them to a time when

Antonio E., III, was exclusively in Respondent's care. [RP 343] There was also testimony that linked the facial injuries to a time when he was in Respondent's care. [RP 344] The district court also noted that Sebastian S-E. suffers from significant physical and developmental deficits that resulted from severe neurological injuries sustained during Respondents' exclusive care in March 2016. [RP 345] The district court determined that all three children satisfied the definition of "abused child" under NMSA 1978, Section 32A-4-2(B)(1) (2018), in that they have suffered or are at risk of suffering serious harm because of the action or inaction of Respondent. [RP 263] The district court also determined that Antonio E., III, satisfied two other definitions of "abused child." [RP 263] The district court determined that all three children were "neglected" as defined by Section 32A-4-2(G)(2), with Antonio E., III, also satisfying the definition of neglect found in Section 32A-4-2(G)(3). [RP 263] Finally, the district court determined that the abuse of Antonio E., III, constituted aggravated circumstances under Section 32A-4-2(C)(1). [RP 263-64]

**{4}** Respondent continues to argue that any abuse of Antonio E. did not permit a finding of abuse and neglect of the other children. [MIO 12] However, the risk posed to the other children, by itself, satisfied the district court's grounds for the abuse and neglect adjudication, including aggravated circumstances. *Cf. In re I.N.M.*, 1987-NMCA-043, ¶ 27, 105 N.M. 664, 735 P.2d 1170 (explaining that it is not necessary to wait until each child is injured to establish abuse under our statutes). Respondent also argues [MIO 12] that the evidence did not establish "great bodily harm," which is defined as "an injury to a person that creates a high probability of death, that causes serious disfigurement or that results in permanent or protracted loss or impairment of the function of a member or organ of the body." Section 32A-4-2(F). We conclude that the district court, sitting as factfinder, could reasonably determine that the rib fractures satisfied this definition. *Cf. State v. Jim*, 1988-NMCA-092, ¶¶ 20-23, 107 N.M. 779, 765 P.2d 195 (construing "protracted impairment" as a non-technical term subject to reasonable jury interpretation). We are also not persuaded by Respondent's claim [MIO 12-13] that a full review of the transcript might reveal evidentiary problems in this case. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Finally, with respect to the claim that Defendant has raised [DS 3] that the court erred in referencing futility with respect to any future termination of parental rights proceedings, the court later noted that it was premature to consider termination at this point. [Odyssey, Order dated July 31, 2019 at 3]. Respondent may raise any arguments relating to futility/reasonable efforts in the context of those separate proceedings.

## Expert Witness

**{5}** Respondent continues to claim that the district court erred in limiting his funds to secure expert witnesses to $2000.00. [mio 13] Respondent is correct in stating that in certain circumstances due process demands that an expert be appointed for an indigent parent in a neglect and abuse proceeding. *See State ex rel. Children, Youth & Families Dep't v. Kathleen D.C.*, 2007-NMSC-018, ¶¶ 15-16, 141 N.M. 535, 157 P.3d 714. However, the parent must show that there is a viable expert who would testify to

alternative explanations for the child's injuries. *Id.* ¶ 18. Respondent has not indicated that he satisfied this threshold showing.

**{6}** For the reasons set forth above, we affirm.

**{7}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**