This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41970**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**WAYNE DAVID CASTLE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Britt Baca-Miller, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**     This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from his conviction, following a jury trial for aggravated battery with a deadly weapon, asserting there was insufficient evidence supporting his conviction because the State failed to prove he did not act in self-defense. [BIC 8] "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (omission, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). We "do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted).

**{3}** We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). In pertinent part, the jury instructions for aggravated battery with a deadly weapon required the State to prove beyond a reasonable doubt that (1) Defendant "touched or applied force to [Victim] by hitting him with a drinking glass/bottle; [a] drinking glass/bottle is a deadly weapon only if you find that a drinking glass/bottle, when used as a weapon, could cause death or great bodily harm"; (2) Defendant "intended to injure" Victim; and (3) Defendant "did not act in self-defense." [RP 86] The jury was further instructed that Defendant acted in self-defense if: (1) "[t]here was an appearance of immediate danger of bodily harm to [D]efendant as a result of [Victim] attempting to strike [D]efendant"; (2) Defendant "was in fact put in fear of immediate bodily harm and struck [Victim] because of that fear"; (3) Defendant "used an amount of force that [he] believed was reasonable and necessary to prevent the bodily harm"; and (4) "[t]he apparent danger would have caused a reasonable person in the same circumstances to act as" Defendant did, and it was the State's burden to prove beyond a reasonable doubt that Defendant did not act in self-defense. [RP 87]

**{4}** According to the brief in chief, the jury heard testimony from Victim in which he stated that Defendant "attacked" him, hitting him twice—once with a bottle in a brown paper bag and again with a drinking glass. [BIC 1-2] Additionally, a neighbor of Defendant and Victim testified that prior to the incident, she saw Defendant walk towards Victim and hit Victim twice in the head—once with something in a brown bag and again with a heavy glass goblet—after which Victim was bleeding heavily while Defendant walked away laughing. [BIC 3-4] Further, Officer Alex Couch testified that he responded to the scene and took a statement from Victim in which Victim said that he and Defendant "had gotten into a conversation" and when Victim went closer to hear what Defendant said, Defendant hit Victim over the head. [BIC 9] Officer Couch further testified that Defendant's demeanor after the altercation was "happy and proud." [BIC 10]

**{5}** Based on these facts and Victim's testimony, we conclude that there was sufficient evidence for the jury to conclude that Defendant committed aggravated battery

with a deadly weapon and that Defendant did not act in self-defense. While Defendant urges this Court to consider video evidence that he contends disproves Victim's version of events [BIC 14-15], we decline to do so given that we do not reweigh the evidence on appeal, nor do we make determinations as to credibility or otherwise engage in fact-finding. *See Slade*, 2014-NMCA-088, ¶ 13; *see also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). Similarly, to the extent Defendant sets forth specific contentions regarding the sufficiency of the evidence supporting his conviction, [BIC 14-18] we construe such contentions as a broad request for this Court to reweigh the testimony and credibility of the witnesses and resolve conflicting evidence in Defendant's favor. We emphasize that "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Indeed, the ultimate question for us on appeal is whether the trial court's "decision is supported by substantial evidence, not whether the court could have reached a different conclusion." *State v. Ernesto M. (In re Ernesto M., Jr.)*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. Viewing the evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that there was sufficient evidence to support the jury verdict beyond a reasonable doubt that Defendant committed aggravated battery with a deadly weapon. *See Slade*, 2014-NMCA-088, ¶ 13; *see also State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alteration, internal quotation marks, and citation omitted)), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, ¶ 87, 478 P.3d 880.

**{6}** For the foregoing reasons, we affirm.

**{7} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**