This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                    NO.   31,111

**HAROLD LEWIS**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Gary King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper,  Acting Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals his conviction of third degree criminal sexual penetration. In our notice we proposed to affirm.  Defendant has timely responded.  We have considered his arguments and affirm.

In our notice, we proposed to conclude that Defendant's statements made to police were admissible as non-hearsay. Rule 11-801(D)(2)(a) NMRA (stating that admissions of a party opponent are not hearsay). We also proposed that if the statements were offered for a purpose other than the truth of the matter, they were not hearsay. It appeared to us from the tape log of the trial that the two statements were presented to demonstrate that Defendant changed his story, thus suggesting a consciousness of guilt. *See State v. Martinez*, 1999-NMSC-018, ¶ 30, 127 N.M. 207, 979 P.2d 718. For two different reasons, we proposed to conclude that the statements were not hearsay.

In his memorandum in opposition, Defendant appears to conflate the two reasons and argues that an admission of a party opponent is not hearsay if it is offered for some other purpose than the truth of the matter. [MIO 5] He then clarifies that the two statements were made at different times and that the second statement that appears to be inconsistent with the first was excluded. [MIO 6] While testimony about the second statement was excluded upon Defendant's objection prior to trial [RP 93], it appears that the police officer did offer testimony about Defendant's second statement during cross-examination. [RP 101]

Our two proposed reasons for affirming the admission of Defendant's out-of-court statements are distinct. Either alone would support the admission of

2

Defendant's statements made to police during their investigation. First, an out-of-court statement is not hearsay if "[t]he statement is offered against a party and is the party's own statement." Rule 11-801(D)(2)(a). Here, Defendant's first statement was recorded and played for the jury. We conclude that the statements of the Defendant in the recording are admissible as non-hearsay statements of a party opponent. *See State v. Johnson*, 2010-NMSC-016, 148 N.M. 50, 229 P.3d 523.

Second, the two statements made by Defendant have enough inconsistencies that it appears Defendant gave conflicting accounts to the police. We have held that this suggests a consciousness of guilt. *Martinez*, 1999-NMSC-018, ¶ 30. Defendant argues that an initial denial and a later "I don't remember" are not sufficiently inconsistent. We disagree. A denial of any sexual contact is very different from not remembering what happened.

Defendant also argues that because he did not make an incriminating admissions in his first statement, the recording should have been excluded as more prejudicial than probative. It does not appear that he made that argument below. Therefore, we do not address it. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (pointing out that in order to preserve an issue for appeal, defendant must make a timely objection that apprises the district court of the nature of the claimed error and invokes an intelligent ruling thereon).

In our notice, we also proposed to conclude that the evidence was sufficient to support the conviction. In our notice, we relied on the testimony of the victim who testified that she had been drinking and passed out and when she woke up, Defendant was on top of her. [CN 5] There was also DNA evidence establishing that the victim's DNA was present in the sample taken from Defendant. [CN 6] Defendant acknowledges this evidence, but argues that the witnesses memories were impaired by alcohol and that DNA evidence can be transferred through other than sexual contact. [MIO 8] As we pointed out in our notice, we review the evidence in the light most favorable to the verdict. We do not reweigh the evidence or substitute our judgment for that of the fact finder. It was for the jury here to weigh the conflicting evidence and determine the credibility of the witnesses. The question is whether the decision is supported by substantial evidence not whether a different conclusion could have been reached. *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. We conclude that the evidence was sufficient to support the conviction.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

4

_____

**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**RODERICK T. KENNEDY, Judge**