This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: <u>March 20, 2014</u>**

**NO. 34,078**

**TOWN OF SILVER CITY,**

Plaintiff-Appellant,

v.

**JIMMY FERRANTI,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Henry R. Quintero, District Judge**

Almanza Abrams, P.A.
Jared Abrams
Las Cruces, NM

for Appellant

Jimmy Ferranti, Pro Se
Silver City, NM

for Appellee

**DECISION**

**BOSSON, Justice.**

**{1}**   The Town of Silver City appeals to this Court from a district court judgment dismissing criminal charges against Jimmy Ferranti for violating two Silver City ordinances. Contrary to sound principles of judicial and common sense, we are required to hear this direct appeal, thereby allowing Silver City to bypass the Court of Appeals by virtue of an outdated and dysfunctional state statute that, hopefully, our legislature will correct in the near future. *See* NMSA 1978, § 35-15-11 (1959) ("[A] municipality shall have the right to appeal to . . . the supreme court from any decision of the district court in every case brought for the violation of an ordinance of said municipality.").

**{2}**   Supporting its reason for dismissing the charges against Ferranti, the district court found a Silver City ordinance unconstitutionally vague. Silver City asks this Court to uphold the constitutionality of its ordinance. Agreeing with the position of Silver City under the circumstances of this case, we reverse.

**BACKGROUND**

**{3}**   On October 15, 2012, two Silver City police officers patrolling Big Ditch Park approached Jimmy Ferranti who appeared to be "rolling . . . a cigarette or a marijuana blunt." Ferranti had also been drinking from a "green can." When asked about what

he was doing, Ferranti admitted that he was rolling a marijuana joint and drinking Mickey's malt liquor in public. The officers arrested Ferranti for violating two Silver City ordinances. *See* Silver City, N.M., Rev. Ordinances pt. II, ch. 4, art. I, § 4-7 (2010) ("It shall be unlawful to drink or consume alcoholic beverages . . . in [a public park]."); *see also* Silver City, N.M., Rev. Ordinances pt. II, ch. 34, art. VII, div. 5, § 34-311 (2010) ("It is unlawful for any person intentionally to possess [marijuana] unless the substance was obtained pursuant to a valid prescription . . . .").

{4}     Ferranti was transported to the Silver City Police Department and then to the Grant County Detention Center for processing. Ferranti was tried in the Silver City municipal court on November 8, 2012, where he was found guilty of both charges. The municipal court assessed fees totaling $189.00 and fined Ferranti $300.00 in its judgment for a total of $489.00. Ferranti appealed de novo to the Sixth Judicial District Court.

{5}     After a de novo bench trial, the district court found the arrest unconstitutional and dismissed the charges with prejudice, because the Silver City officers "failed to offer [Ferranti] the option of accepting a citation in lieu of arrest despite [Ferranti's] cooperative conduct." The district court based its decision on a third Silver City ordinance that allows officers the option of either arresting or issuing a citation to

2

appear, which, the district court decided, lacks "standards or guidelines," and thus allows "arbitrary, subjective and *ad hoc* enforcement by law enforcement, prosecutors, and courts." *See* Ordinance 28-76 (allowing officers the authority to issue citations in lieu of arrest).

{6}     The district court also found the same ordinance facially vague, because "Section 28-76 provides no warning to a person of ordinary intelligence as to whether they will be given a citation or arrested." Finally, the district court found that "fines and fees totaling $489.00, is grossly disproportionate to the gravity of the offenses charged." Based on the "unconstitutional [arrest] . . . due to the unfettered discretion granted to the police by the 'vague as applied' statute, the court . . . dismiss[ed] the charges with prejudice." Silver City appealed the district court's decision directly to this Court.

**DISCUSSION**

**I.      Vagueness of Silver City Ordinance 28-76**

{7}     The district court dismissed the charges against Ferranti based on Silver City Ordinance 28-76, which granted the officers discretionary authority either to arrest or to issue a citation to appear. In so doing, the court found the ordinance unconstitutionally vague on its face and as applied, relying on *State v. Laguna*, 1999-

3

NMCA-152, ¶¶ 25-26, 128 N.M. 345, 992 P.2d 896 (stating the two arms of the test for vagueness of a criminal statute).

{8} Discussing vagueness, this Court has previously observed:

> The proscription on vagueness in criminal statutes serves three important functions: (1) It allows individuals a fair opportunity to determine whether their conduct is prohibited. (2) It prevents impermissible delegation of the legislative authority to police, prosecutors, and courts to determine whether conduct is criminal. (3) In cases in which the prohibited conduct abuts with conduct protected by the first amendment, it avoids impermissible chilling of protected speech through overbroad prohibitions.

*See State v. Pierce*, 1990-NMSC-049, ¶ 19, 110 N.M. 76, 792 P.2d 408.

{9} Notably, Ferranti did *not* attack the vagueness of the separate ordinances that defined criminal behavior in this case (drinking in public and possession of marijuana), nor did the district court find those ordinances vague. There is good reason for this, given their clarity. *See* Ordinance 4-7 ("It shall be unlawful to drink or consume alcoholic beverages . . . in [a public park]."); *see also* Ordinance 34-311(a) ("It is unlawful for any person to intentionally possess [marijuana] unless the substance was obtained pursuant to a valid prescription . . . ."). As such, the ordinances aimed at the criminal behavior for which Ferranti was arrested and convicted—the normal target of void-for-vagueness challenges—are not at issue in this appeal.

4

**{10}**    Instead, the district court took issue solely with the arrest, and the "unfettered discretion granted to the police" by Ordinance 28-76. *See id.* (allowing officers the authority to issue citations in lieu of arrest). Ordinance 28-76 is not a criminal ordinance. It is an authorizing ordinance, granting officers authority to perform part of their public function. We have found no case law, nor has any been cited to this Court, that would constitutionally require express standards before a law enforcement officer could exercise his discretion either to arrest or to issue a citation for minor offenses such as these. To the contrary, it is not uncommon for our statutes and municipal ordinances to grant such authority to officers without any express guidance. *See, e.g.*, NMSA 1978, § 31-1-6(A) (2013) ("A law enforcement officer who arrests a person without a warrant for a petty misdemeanor . . . may offer the person arrested the option of accepting a citation to appear in lieu of taking the person to jail."); Albuquerque, N.M., Ordinances, ch. 8, § 8-1-3-6(A) (1974) ("A law enforcement officer who arrests a person without a warrant for a petty misdemeanor may offer the person arrested the option of accepting a citation to appear in lieu of booking him at the police station."). Therefore, the suggestion that Ordinance 28-76 is unconstitutionally vague for lack of those standards simply does not find support in the law.

**{11}** Correctly, however, the district court appeared frustrated that the arrest in Ferranti's case "was discretionary and conducted to train another officer." In other words, the district court seemed to believe that Silver City would not otherwise have arrested Ferranti for these offenses and simply would have cited him to appear, but for this being a kind of training exercise for new police officers, which the court found was an unreasonable exercise of authority. The district court was concerned that Ferranti was cooperative and did not otherwise deserve to be arrested.

**{12}** However, the appropriate remedy for an unreasonable seizure is suppression of the evidence. *See State v. Cardenas-Alvarez*, 2001-NMSC-017, ¶ 17, 130 N.M. 386, 25 P.3d 225 ("The exclusionary rule requires suppression of the fruits of searches and seizures conducted in violation of the New Mexico Constitution."). In this case, however, Ferranti had already admitted to violating the ordinances *before* his arrest, and therefore, even if the arrest was unreasonable, there were no fruits of that seizure to suppress.

**{13}** Accordingly, we find no legal basis for dismissing the charges against Ferranti on the basis of a constitutional vagueness challenge to Ordinance 28-76.

**II.    Excessive Fines**

**{14}** The district court also found that "[t]he sentence imposed by the Municipal

6

Court, fines and fees totaling $489.00, is [so] grossly disproportionate to the gravity of the offense charged . . . as to shock the general conscience and violate principles of fundamental fairness," relying on *In re Ernesto M.*, 1996-NMCA-039, ¶ 22, 121 N.M. 562, 915 P.2d 318 (defining "the test for whether a sentence constitutes cruel and unusual punishment").

{15}      However, there is no legal support for the proposition that court fees of $189.00 constitute cruel and unusual punishment. Additionally, Ferranti possessed less than one ounce of marijuana, the fine for which was "not less than $50.00 or more than $100.00." Ordinance 34-311(b). For drinking in a public place, Ferranti was subject to a fine "in an amount of not more than $500.00 or subject to imprisonment for not more than 90 days, or both." Ordinance 1-9(a) (providing general penalties for violating city ordinances). Thus, Ferranti's fine was *less* than the amounts specifically prescribed by city ordinances—which have not been overturned on constitutional grounds.

{16}      Understandably, Silver City's actions in this case appeared excessive to the district court under the circumstances. The district court had tools at its disposal. On de novo appeal, the district court was empowered to conduct its own bench trial, hearing the evidence anew and making its own findings and conclusions. *See* NMSA

1978, § 35-15-10 (1959) (providing that "[a]ll trials upon appeals by a defendant from the municipal court to the district court for violations of municipal ordinances shall be de novo and shall be tried before the court without a jury."). The court could have made its own findings and conclusions pertaining to guilt or innocence. The court could have imposed a lesser sentence under the circumstances. The court did not have to focus on the constitutionality of the arresting ordinance. When it did so, however, without support in the law, this Court has no choice but to reverse the action of the district court and affirm the constitutionality of Ordinance 28-76.

**CONCLUSION**

{17}     We reverse the judgment of the district court.

{18}     **IT IS SO ORDERED.**


                                                    _____
                                                    **RICHARD C. BOSSON, Justice**


**WE CONCUR:**



_____
**PETRA JIMENEZ MAES, Chief Justice**

_____

**EDWARD L. CHÁVEZ, Justice**

_____

**CHARLES W. DANIELS, Justice**

_____

**BARBARA J. VIGIL, Justice**

9