This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO.  33,298**

**JACOB CARRILLO**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Lisa A. Torraco
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals from an on-the-record district court judgment affirming his metropolitan court conviction for aggravated DWI (refusal) and related offenses. We

issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** **Issue 1:** Defendant has claimed that the aggravated DWI charge should have been reduced to simple DWI because, although he initially refused to submit to chemical testing, he "cured" the initial refusal by subsequently consenting within a reasonable time. *See generally In re Suazo*, 1994-NMSC-070, ¶ 24, 117 N.M. 785, 877 P.2d 1088 (adopting five-part test to consider whether an initial refusal to submit to testing has been revoked). Defendant's argument is predicated on his assertion that his testimony that he revoked his initial refusal was "uncontroverted" below. However, the officer who transported Defendant to the PTC testified that he did not remember Defendant changing his mind and consenting to testing. [RP 194] The officer also buttressed this testimony with the claim that he would have taken Defendant to a closer station in the event that Defendant had, in fact, consented. [RP 194] Under our standard of review, we defer to the factfinder to make credibility determinations and to resolve conflicts in the evidence. *See State v. Roybal*, 1992-NMSC-114, ¶ 9, 115 N.M. 27, 846 P.2d 333. We therefore presume that the factfinder rejected Defendant's testimony and concluded that he did not revoke his refusal. *See State v. Day*, 2008-NMSC-007, ¶ 15, 143 N.M. 359, 176 N.M. 1091 (observing that factfinder is free to reject a defendant's version of events).

**{3}** **Issue 2:** Defendant claims that the trial court erred in refusing to dismiss based on the State's failure to preserve a PTC videotape taken on the night of his arrest.

2

Defendant asserts that he asked a second time to take the test once he was at the PTC. [DS 7] As indicated above, the factfinder was free to reject Defendant's claim that the initial request to take the test was made just a few minutes after the initial refusal. In light of this, a first request made at the PTC would not be considered a reasonable time under *Suazo*. *See id*., 1994-NMSC-070, ¶ 26 (stating that request must be made in "a very short time, never more than a matter of minutes"). Accordingly, Defendant would not be prejudiced by the absence of the tape even if it showed that he had made a request. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

{4}     For the reasons set forth above, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**



_____
**MICHAEL E. VIGIL, Judge**