This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                              **No. 33,406**

**WALDEN MINOLI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Benjamin C. Wilson
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant appeals from an on-record district court judgment affirming Defendant's conviction for DWI. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

**REASONABLE SUSPICION**

{2}     Defendant continues to argue that the officer lacked reasonable suspicion to stop his vehicle. [MIO 2] "In reviewing a [district] court's denial of a motion to suppress, we observe the distinction between factual determinations which are subject to a substantial evidence standard of review and application of law to the facts, which is subject to de novo review. We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings. Questions of reasonable suspicion are reviewed de novo by looking at the totality of the circumstances to determine whether the detention was justified." *State v. Hubble*, 2009-NMSC-014, ¶ 5, 146 N.M. 70, 206 P.3d 579 (alteration, internal quotation marks, and citations omitted).

{3}     Here, the officer who stopped Defendant's vehicle testified that Defendant's vehicle was straddling a marked traffic lane. [MIO 4] The officer followed Defendant's vehicle for about a block, at which time Defendant made an abrupt turn into a driveway, and the officer engaged his emergency equipment. [RP 155-56]

Albuquerque Ordinance Section 8-2-1-42 states that "[n]o operator of a vehicle shall fail to keep such vehicle within the boundaries of a marked traffic lane, except when lawfully passing another, making a lawful turning movement or lawfully changing lanes." [RP 160]

{4} Defendant's docketing statement claimed that the officer did not have reasonable suspicion to stop him based on his driving conduct because it did not pose a safety hazard. We believe that the officer could reasonably conclude that Defendant did pose a safety challenge, particularly in light of the continuous nature of the act of straddling the lanes. Nevertheless, even if the officer had been incorrect, his mistake would have been one of fact, and not law. *See Hubble*, 2009-NMSC-014, ¶¶ 31-32 (holding that the officer did not make any mistake, but even if he did, the mistake was one of fact—determining whether the relative positions of vehicles and their direction of travel constituted a scenario where he may have been affected by the defendant's movement—and that "any mistakes regarding these factual judgments would be classified as mistakes of fact and not mistakes of law").

{5} In his memorandum in opposition, Defendant claims that the officer made a mistake of law, because he believed that the act of turning into the driveway constituted a violation of the ordinance. [MIO 4] However, we conclude that the officer had reasonable suspicion to believe that the ordinance had been violated prior

3

to the turn, based on the straddling of the lanes by Defendant's vehicle that occurred a block before the turn, and continued for some time thereafter.

**EXPERT TESTIMONY**

{6}     Defendant continues to challenge the exclusion of expert testimony. [DS 26-27] Specifically, Defendant claims that the trial court erred in excluding his expert's testimony on the "Widmark equation," although the expert was allowed to testify with respect to the reliability of the breath machine. [DS 27] We review for an abuse of discretion the admission or exclusion of an expert's testimony; however, "the threshold question of whether the . . . court applied the correct evidentiary rule or standard is subject to de novo review." *State v. Torres*, 1999-NMSC-010, ¶¶ 27-28, 127 N.M. 20, 976 P.2d 20.

{7}     The trial court considered the admissibility of the expert's testimony after allowing the parties to voir dire the expert outside of the presence of the jury. [MIO 6] To the extent that Defendant is raising a procedural challenge by claiming that the trial court should have held a pre-trial hearing on the expert testimony, Defendant has not established that a pre-trial hearing would have led to a different result. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318, 322 ("An assertion of prejudice is not a showing of prejudice.").

4

{8}     With respect to the excluded testimony, the expert was allowed to challenge the reliability of the breath test machine, based on the same theories that would have been used to come up with an alternative BAC number, i.e. the weight of the subject, the specific gravity of alcohol, and the blood-water ratio. [RP 157] The district court allowed this testimony, but only excluded the independent BAC number that would be calculated if the machine results were deemed unreliable. [RP 157-58] We conclude that the trial court acted within its discretion, because the jury would only need to rely on the alternative BAC number if it rejected the reliability of the machine results, in which case it would have acquitted Defendant. In other words, the district court could conclude that the alternative result was unnecessary, and its exclusion would not prejudice Defendant.

{9}     For the reasons set forth above, we affirm.

{10}    **IT IS SO ORDERED.**

_____

**J. MILES HANSIEE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

5

_____

**M. MONICA ZAMORA, Judge**