This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ESTATE OF E. F. SCOTT,**

Plaintiff-Appellee,

v.                                                    **NO. 34,566**

**JOHN C. NEW, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

William N. Griffin
Ruidoso, NM

for Appellee

John Robert Beauvais
Ruidoso, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     John C. New, Jr. (Defendant) appeals from the district court's ruling that he must pay back Estate of E.F. Scott (Plaintiff) the amount he borrowed on a loan, plus

interest, after he defaulted on the terms of the note. [RP Vol.II/301, 378] Our notice proposed to affirm, and Defendant filed a memorandum in opposition pursuant to a granted extension of time. We remain unpersuaded by Defendant's arguments, and therefore affirm.

{2}    For the reasons extensively detailed in our notice, we affirm the district court's ruling. We do, however, specifically address Defendant's continued arguments in opposition to affirmance, as emphasized in his memorandum in opposition.

{3}    First, Defendant continues to argue that the district court erred in refusing to admit his proffered exhibit 2 [DS 6; MIO 7; RP Vol.II/RP 275-76]—a copy of a letter that Defendant received, in which Plaintiff's Texas attorney engaged a New Mexico attorney to draft a mortgage and note on Defendant's home. [DS 4, 5; MIO 8; RP Vol.II/260, 287] *See Hourigan v. Cassidy*, 2001-NMCA-085, ¶ 21, 131 N.M. 141, 33 P.3d 891 (providing that we review the admission or exclusion of evidence for abuse of discretion). Defendant maintains that the letter should have been admitted, as support for his claim that he was being harassed and coerced to make a payment. [RP Vol.II/275; MIO 8] Setting aside our continued foundation or authentication concerns [RP Vol.II/275-76], we nevertheless affirm because Defendant was not prejudiced by any exclusion in that the district court allowed Defendant to testify about the contents

of the letter. [DS 4; MIO 8] *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

{4}     Second, Defendant continues to argue that the evidence was insufficient to support the district court's ruling that the note was revived in 2002, as provided in the court's finding of fact no. 14 and conclusion of law no. 8. [DS 7, 10; MIO 2, 10; RP Vol.II/286, 289] *See Lea Cnty. State Bank v. Markum Ranch P'ship*, 2015-NMCA-026, ¶ 11, 344 P.3d 1089 (recognizing that "[w]hen a debt is revived, the statute of limitations starts anew[,]" even when the statute of limitations period has expired); *see also Landavazo v. Sanchez*, 1990-NMSC-114, ¶ 7, 111 N.M. 137, 802 P.2d 1283 (providing that under a substantial evidence review we view the evidence in the light most favorable to support the findings of the trial court). As support for his argument, Defendant emphasizes that the 2002 payment was not revived for the asserted reason that it was involuntary in that he was coerced into making the payment. [DS 10; MIO 2, 8, 11] We conclude, however, that as fact-finder the district court was entitled to reject Defendant's view and instead assess that no credible evidence supported the coercion defense. [RP Vol.II/287] *See Chapman v. Varela*, 2009-NMSC-041, ¶ 5, 146 N.M. 680, 213 P.3d 1109 ("[T]he duty to weigh the credibility of witnesses and to resolve conflicts in the evidence lies with the trial court, not the appellate court."

(internal quotation marks and citation omitted)). In so concluding, we acknowledge Defendant's argument—as emphasized throughout his memorandum in opposition [MIO 2-3, 5-7, 10-11]—that his testimony of asserted coercion was un-controverted, such that the district court was required to make such a finding of coercion pursuant to the "*Medler* rule." *See Medler v. Henry*, 1940-NMSC-028, ¶ 20, 44 N.M. 275, 101 P.2d 398 (providing that "the testimony of a witness . . . cannot arbitrarily be disregarded by the trier of the facts"). However, as recognized by Defendant [MIO 4], *Medler* also provides that a witness's testimony, although not directly contradicted, may be disregarded in some circumstances, such as when there are "legitimate inferences [that] may be drawn from the facts and circumstances of the case that contradict or cast reasonable doubt upon the truth or accuracy of the oral testimony." *Id.* ¶ 20 (internal quotation marks omitted). Here, the circumstances are that Defendant made the payment after he began receiving correspondence from Plaintiff about the debt [RP Vol.II/252], and that Defendant testified he made the payment for his debt on the note with the hope that Plaintiff would stop trying to collect the debt. [RP Vol.II/264] Under these circumstances, and as stated in our notice, the district court's rejection of Defendant's coercion defense [RP Vol.II/287] was entirely reasonable; Plaintiff's dissatisfaction with Defendant's default, and any resultant pressure

Defendant felt to repay the owed debt as a consequence of such dissatisfaction, does not transform the partial payment into an involuntary payment.

**{5}** For the reasons discussed above and detailed in our notice, we affirm.

**{6}** **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____ _____
**LINDA M. VANZI, Judge**