This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                            **NO. 34,858**

**JUSTIN D.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}     Justin D. (Child) appeals from the district court's order denying his suppression motion. This Court's calendar notice proposed to affirm. Child filed a memorandum

in opposition to the proposed disposition. Not persuaded by Child's arguments, we affirm the judgment and sentence.

{2}     Child challenged whether reasonable grounds existed to suspect that a search of his vehicle would uncover evidence of a violation of law or school rules [DS 6], and whether the search of his vehicle was reasonably related in scope under the circumstances which justified the search in the first place. [DS 6] The calendar notice proposed to conclude that Child consented to the search on the basis that when the principal asked Child if he would mind opening the door to the vehicle, Child replied no and unlocked the door. [DS 5] *See State v. Gutierrez*, 2004-NMCA-081, ¶ 6, 136 N.M. 18, 94 P.3d 18 (stating that consensual searches and seizures are one exception to the warrant requirement). In response, Child argues that the testimony presented at the suppression hearing suggested that the assistant principal may not have presented the search as an option because while he testified that he asked Child "if he would mind" permitting them to search, the security officer testified that the assistant principal may have also informed Child that they had a right to search his truck. [MIO 10] To the extent Child argues the search was therefore involuntary, we disagree. [MIO 10]

{3}     Child relies on *State v. Davis*, 2013-NMSC-028, ¶¶ 10-13, 304 P.3d 10, for the proposition that "merely acquiescing to a showing of lawful authority . . . . does not

2

constitute valid consent," and *State v. Ingram*, 1998-NMCA-177, ¶ 8, 126 N.M. 426, 970 P.2d 1151, for the contention that compliance with a directive of an official is not consent. However, as Child acknowledges, when evidence is conflicting, we view it a manner that supports the district court's ruling, drawing all inferences and indulging all presumptions in favor of it. *State v. Pablo R.*, 2006-NMCA-072, ¶ 17, 139 N.M. 744, 137 P.3d 1198; *see State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785 ("We review the district court's ruling on a motion to suppress to determine whether the law was correctly applied to the facts, viewing the facts in the light most favorable to the prevailing party."). We suggest that viewing the evidence in this manner, particularly in the context of a school search where a lower standard applies, the district court's ruling was supported by the evidence. *See State v. Crystal B.*, 2001-NMCA-010, ¶ 14, 130 N.M. 336, 24 P.3d 771 (recognizing that the lower standard applicable to "the legality of a search of a student . . . . only in furtherance of the school's education-related goals; that is in a situation where the student is on school property or while the student is under control of the school" and "depends on the reasonableness, under all the circumstances, of the search").

{4}     Additionally, we cannot say that the evidence here supports a determination of clear coercion as a matter of law. "Ultimately, the essential inquiry is whether [Child's] will has been overborne." *State v. Pierce*, 2003-NMCA-117, ¶ 20, 134 N.M.

3

388, 77 P.3d 292 (citation omitted). We suggest that the principal's indication that they had a right to search Child's truck, in combination with the mere request "if he would mind" permitting them to search, was not clear coercion. *See Davis*, 2013-NMSC-028, ¶ 24 (recognizing that "an officer's belief in his or her ability to obtain a warrant is permissible and neither constitutes coercion or invalidates consent"); *see also State v. Chapman*, 1999-NMCA-106, ¶ 21, 127 N.M. 721, 986 P.2d 1122 ("Coercion involves police overreaching that overcomes the will of the defendant." (citation omitted)). Therefore, we propose to affirm the district court's ruling. *See also In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318 ("The question is whether the [trial] court's decision is supported by substantial evidence, not whether the trial court could have reached a different conclusion."

{5}     Because we affirm on grounds that Child consented to the search, we need not address the arguments concerning probable cause for the search. For these reasons, and those stated in this Court's calendar notice, we affirm.

{6}     **IT IS SO ORDERED.**

                                       _____

                                       **RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

4

_____

**LINDA M. VANZI, Judge**