This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **No. A-1-CA-36505**

**OSCAR OROPEZA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe. NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant-Appellant Oscar Oropeza (Defendant) appeals from his jury trial

conviction for robbery, challenging (1) the denial of his motion to strike witnesses

because of a delay in scheduling witness interviews, and (2) the sufficiency of the evidence to support his conviction for robbery. [DS 2, 7; RP 85-88] We issued a notice proposing to summarily affirm. [CN 1, 5] Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}     Defendant continues to argue the district court erred in denying his motion to exclude witnesses based on the State's failure to schedule witness interviews until two business days before trial. [MIO 6] Defendant asserts the short time between the interviews and the trial left inadequate time to prepare and violated his right to effective cross-examination. [MIO 6, 8] As we noted in our proposed disposition, in the absence of an "intentional refusal to comply with a court order, prejudice to the opposing party, and consideration of less severe sanctions," exclusion of a witness is improper. *State v. Harper*, 2011-NMSC-044, ¶ 15, 150 N.M. 745, 266 P.3d 25. [CN 3] Aside from asserting trial counsel did not have sufficient time to prepare for trial, Defendant does not indicate the State intentionally failed to comply with an order or how cross-examination was deficient and caused actual prejudice. "An assertion of prejudice is not a showing of prejudice." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562,  915 P.2d 318. We therefore conclude the district court did not err in declining to exclude witnesses.

{3} Defendant also continues to argue the evidence was insufficient to support his conviction for robbery. [MIO 3] Defendant first asserts inconsistent evidence regarding the sequence of events shows the evidence was insufficient to convict him. [MIO 5] "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). We therefore decline to consider Defendant's asserted contrary evidence.

{4} Defendant also argues the State failed to present evidence showing Defendant intended to permanently deprive the store clerk of property the clerk owned when Defendant took bottles of liquor and consumed them in the parking lot. [MIO 5] We note the jury instruction does not require the victim of a robbery to be the owner of the property taken. *See* UJI 14-1620 NMRA (requiring the State to prove (1) Defendant took and carried away property from someone else, or from his immediate control intending to permanently deprive that person of the property; (2) Defendant took the property by use of force or violence or threatened force or violence; and (3) this happened on or about October 2, 2014); NMSA 1978, § 30-16-2 (1973). Based

3

on the facts set forth in the docketing statement, we conclude the evidence was sufficient to support a conviction for robbery when Defendant took liquor bottles from the store clerk by force and then consumed them. [*See* DS 4-6]

{5}     Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm.

{6}     **IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____

**MICHAEL D. VIGIL, Judge**


_____

**JENNIFER L. ATTREP, Judge**