This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                        No. A-1-CA-36101

**JUSTUS WATSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hadfield, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOHNHOFF, Judge.**

{1}     Defendant Justus Watson was stopped on suspicion of driving while intoxicated (DWI). When tested for breath alcohol, the readings were .08 and .07 grams of alcohol per 210 liters of air. Defendant was charged and, after a bench trial before the metropolitan court, convicted of per se DWI in violation of NMSA 1978, Section 66-8-102(C)(1) (2010, amended 2016), which requires proof of breath alcohol concentration of .08 or more. He appealed his conviction to the district court, and that court affirmed. Defendant now appeals to this Court. He does not challenge the legality of the stop or the validity and admissibility of the breath alcohol testing procedures and results. Instead, Defendant argues solely that as a matter of law the evidence was not sufficient to convict him of per se DWI, because the two scores carry equal evidentiary weight and therefore that evidence cannot establish guilt beyond a reasonable doubt. This is a memorandum opinion and because the parties are familiar with the facts and procedural posture of the case, we set forth only such facts and law as are necessary to decide the issues raised. We affirm.

{2}     The question for us on appeal is whether the metropolitan court's decision is supported by substantial evidence, not whether another fact-finder could have reached a different conclusion. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. Our Supreme Court recently clarified our standard of review where, as in the instant case, the evidence at trial would "support[] a reasonable

hypothesis of innocence[.]" *State v. Garcia* (*Garcia 2016*), 2016-NMSC-034, ¶ 24, 384 P.3d 1076. The Court reiterated its rejection "as *no longer an appropriate standard for a New Mexico appellate court* the proposition that where the evidence supports a reasonable hypothesis of innocence, the [s]tate, by definition, has failed to prove its case beyond a reasonable doubt." *Id.* (alteration, omissions, internal quotation marks, and citation omitted). The Court observed that "it is unproductive to try to formulate a standard of appellate review in terms of a hypothesis of innocence, because inevitably it appears to intrude upon the role of the jury." *Id.* The Court held that instead, "to avoid second-guessing the jury," *id.*, the standard of review is a " 'two-step process' that requires an appellate court to draw every reasonable inference in favor of the jury's verdict *and then* to evaluate whether the evidence, so viewed, supports the verdict beyond a reasonable doubt." *Id.* Applying this standard of review to the facts, the evidence that one of Defendant's breath alcohol samples tested at .08 supports the district court's conclusion of guilt for per se DWI. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{3}** Defendant cites an earlier Supreme Court decision, *State v. Garcia (Garcia 2005*), 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72, for the proposition that "evidence *equally consistent with two hypotheses* tends to prove neither." He then argues that, "[i]n this case the two breath scores are equally consistent with

4

[Defendant] having a score of .08 (at the legal limit) or at .07 (below the legal limit)." Defendant concludes that "the evidence of the BAC scores does not support the verdict beyond a reasonable doubt because the two scores are contradictory *and* there is no evidence with which to believe one over the other."

{4}  However, the Supreme Court in *Garcia 2016* rejected the same logic. In that case, the defendant was convicted of defrauding an elderly man by claiming to be his loving partner and that she was not married to or otherwise romantically involved with anyone else. 2016-NMSC-034, ¶¶ 20-22. Invoking the hypothesis of innocence rule, the defendant contended that it was "*at least as plausible* that [the victim] either did not care about or did not want to know about [the defendant's] other romantic interests given his failure to ever discuss the issue with her." *Id.* ¶ 25 (emphasis added) (internal quotation marks omitted). The Court made clear that this argument was encompassed by its rejection of the hypothesis of innocence rule earlier in its decision: "This argument is . . . based on a discredited standard of appellate review[.]" *Id.* Thus, it matters not that the .08 and .07 breath scores, without more, could have been equally supportive of determinations that Defendant was or was not guilty of per se DWI. Our Supreme Court has replaced the *Garcia 2005* analysis with a two-step process for reviewing the sufficiency of the evidence on appeal. Following that process, we will

not disturb a determination by the fact-finder to credit the .08 breath score and on that basis find that Defendant is guilty of per se DWI.

**{5}** For the reasons set forth in the State's answer brief, Defendant's remaining arguments are not persuasive. We therefore conclude that sufficient evidence supports Defendant's conviction beyond a reasonable doubt.

**CONCLUSION**

**{6}** We affirm Defendant's conviction.

**{7}** **IT IS SO ORDERED.**


_____
**HENRY M. BOHNHOFF, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**EMIL J. KIEHNE, Judge**