This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37951**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**REYES B. BARELA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**T. Glenn Ellington, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood, III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals his convictions for multiple counts, ten in total, of armed robbery, conspiracy to commit armed robbery, aggravated burglary, kidnapping, aggravated assault, unlawful taking of a motor vehicle, and tampering with evidence. [2 RP 374-76] This Court's calendar notice proposed summary affirmance, and Defendant filed a memorandum in opposition to the proposed disposition. After careful consideration of Defendant's arguments, we are not persuaded and affirm Defendant's convictions.

**{2}** Defendant continues to argue that the district court erred in ruling that his statements to law enforcement were admissible at trial. [DS PDF 4; MIO 12-16] It appears that officers testified consistently with one another that Defendant was advised of his *Miranda* rights prior to any formal interrogation and he indicated he was willing to speak with officers. [MIO 4] Officers further testified that Defendant waived his *Miranda* rights by written form prior to the beginning of the interrogation and never asked for an attorney during the course of the interrogation. [Id.] Although Defendant testified to the contrary [MIO 5], any conflicting testimony on this question raises a credibility issue that is resolved by the district court judge, to whom we defer. *See State v. Seward*, 1986-NMCA-062, ¶ 26, 104 N.M. 548, 724 P.2d 756 (noting that, where the defendant testified that he asked for a lawyer, and the police officer testified that the defendant did not ask for a lawyer after being advised of his *Miranda* rights, conflicts in the evidence and issues of credibility were to be resolved by the district court).

**{3}** We note one officer acknowledged that during a conversation prior to the interrogation, Defendant asked if he should have a lawyer present. [MIO 4] Defendant contends that this was an invocation of his wish to have an attorney present for questioning. [MIO 13] In support of his argument, Defendant relies on *State v. Post*, where the defendant stated " 'I will need an attorney[,]' " prior to his interrogation; this Court held that the defendant "was attempting to assert his right to counsel and did not waive his right to an attorney." 1989-NMCA-090, ¶¶ 5, 13, 109 N.M. 177, 783 P.2d 487. Defendant asserts that where a defendant "indicates in any manner" that he desires to consult an attorney, there can be no further questioning. *Id.* ¶ 12 (internal quotation marks and citation omitted). Defendant maintains that the evidence here indicates he invoked his right to an attorney but was denied. [MIO 12] However, the facts of this case are more analogous to *State v. Barrera*, which held that the defendant's ambiguous question "Do I need an attorney?" during booking "was not a clear unequivocal request for an attorney." 2001-NMSC-014, ¶¶ 25, 30, 130 N.M. 227, 22 P.3d 1177 (internal quotation marks omitted). Similarly, we conclude that Defendant's question, raised in a conversation that occurred prior to the interrogation, asking if he should have a lawyer present was not an unequivocal request for counsel. *Id.* ¶ 23 (stating that we review de novo the district court's determination of whether a defendant validly waived his or her *Miranda* rights prior to police questioning). Consequently, we do not address Defendant's arguments concerning whether his invocation of his right to have counsel present tainted later statements despite being advised of his *Miranda* rights before the initiation of the interrogation. [MIO 14-16]

**{4}** Defendant continues to argue that his right to speedy trial was violated. [DS PDF 4; MIO 16-19] We proposed to affirm on the basis that despite the delay of approximately twenty-six months surpassing the threshold and triggering a speedy trial analysis for even a complex case, a delay alone is insufficient to establish a speedy trial violation. [CN 6] Moreover, the docketing statement did not discuss the reasons for the delay, the assertion of the right to a speedy trial, the prejudice that Defendant suffered as a result of the delay, or how these factors weigh in his favor. *See State v. Garza*, 2009-NMSC-038, ¶¶ 25-27, 31-33, 35-36, 38-39, 146 N.M. 499, 212 P.3d 387

(discussing the factors relevant to the determination of whether a defendant's speedy trial right has been violated).

**{5}** Defendant's memorandum in opposition now acknowledges that continuances were sought on his behalf and a partial speedy trial waiver was submitted to the district court, but contends this was the result of him having multiple attorneys over the course of the case, a matter beyond his control. [MIO 18] Defendant also asserts that he suffered prejudice in the form of being subjected to a pre-trial detention order. [MIO 19] However, there was a possibility of pre-trial detention regardless of when trial commenced, and Defendant was entitled to, and did receive, pre-confinement credit. [2 RP 377] To the extent that Defendant asserts the recollections of witnesses changed and/or diminished to the point that their reliability was seriously in question, a mere assertion of such prejudice does not, without more, establish prejudice. [MIO 19] *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Given Defendant's failure to: (1) show any particularized prejudice that is cognizable under the constitutional right to a speedy trial; (2) assert his right to a speedy trial; or (3) preserve the speedy trial claim, we do not find any fundamental error warranting reversal. *See State v. Smith*, 2016-NMSC-007, ¶ 57, 367 P.3d 420 (reviewing an unpreserved speedy trial claim for fundamental error).

**{6}** Defendant maintains that he received an unfair trial due to ineffective assistance of counsel in this matter. [DS PDF 4; MIO 19-22] Our calendar notice proposed to conclude that Defendant has not made a particularized showing of how he was prejudiced by the fact that he was represented by multiple attorneys, nor did he show, in particular, how his attorneys' performance fell below that of a reasonably competent attorney. *See State v. Chamberlain*, 1991-NMSC-094, ¶ 43, 112 N.M. 723, 819 P.2d 673 (recognizing that to establish this prong of the test, it is not sufficient for a defendant to complain generally of substandard performance by counsel, rather the defendant must point to acts or omissions by counsel that fell below the standard of reasonable competence). Defendant continues to contend that the turnover of attorneys and the constant substitutions of legal counsel on which he had to rely rendered it impossible for him to receive constitutionally adequate representation. [MIO 21] However, he fails to explain how the continual turnover in counsel and their need to acquaint themselves with the case translates to a demonstration of their incompetence. *See State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494 ("The defendant has the burden to show both incompetence and prejudice."). We therefore conclude that the record is insufficient to establish a prima facie case of ineffective assistance of counsel on direct appeal. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]").

**{7}** Lastly, Defendant continues to assert that the evidence was insufficient to prove that he was involved in any of the crimes for which he was convicted. [DS PDF 4; MIO 23-24] Defendant asserts that the essence of the State's case was that a group of people, ostensibly three individuals, entered a cannabis dispensary without authorization, and held the facility's occupants hostage at gunpoint before taking items

including cannabis, a motor vehicle, and a DVR recorder (in order to avoid prosecution). [MIO 23] Defendant challenges whether the State proved he actually engaged in the alleged conduct, that he was present at the crime scene, or that he was one of the individuals that participated in the crimes, as there was no physical evidence or positive witness identification tying him to the crime scene. [MIO 23-24] He asserts that the only evidence tying him to the scene is his statement admitting to his participation in the incident; however, he asserts that trial evidence verifies he stated to officers that he was only telling them information he believed they wanted to hear, making the statement unreliable. [MIO 8, 24] Insofar as Defendant's testimony may have presented conflicting evidence, "the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine its weight and credibility).

{8}     For all of these reasons, and those stated in the notice of proposed disposition, we affirm.

{9}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**