This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40204**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MANUEL HASSLACHER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}**    Defendant appeals from the district court's judgment and sentence, convicting Defendant of assault, aggravated assault with a deadly weapon, and shoplifting. Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition, which we have duly considered. We remain unpersuaded and affirm.

**{2}**     Defendant's response to our notice provides considerably more information than his docketing statement, and we take this opportunity to commend appellate counsel's efforts in listening to the audio recording of the trial and supplying this Court with crucial information that was lacking in Defendant's initial filing. Defendant's response to our proposed analysis demonstrates that although the district court apparently prohibited Defendant from testifying about his experiences with his own mental health and medications in a manner that seems overly restrictive, Defendant does not demonstrate how the jury's knowledge of Defendant's mental health experiences would assist in its determination of whether a reasonable person would have acted as Defendant did, for purposes of self-defense. *See State v. Coffin*, 1999-NMSC-038, ¶ 15, 128 N.M. 192, 991 P.2d 477 (indicating self-defense is made up of both a subjective standard that focuses on the perception of the defendant at the time of the incident and an objective standard that focuses on how a reasonable person in the same situation would have acted). The theory that the defense intended to convey with the excluded evidence was that Defendant's defensive reaction to being followed and chased for shoplifting was the result of his trauma, experiences with mental health, and failure to take his medication on the day in question. This evidence would have assisted the jury's consideration of the subjective standard of self-defense, but not the objective standard that requires the jury to consider how a reasonable person in the same situation would have acted. *See id.* In fact, this evidence tends to undermine the theory that a reasonable person would have had such response to the situation. As a result, we are not persuaded that Defendant has established a reasonable probability that any error in the district court's evidentiary ruling affected the verdict. *See State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 ("[N]on-constitutional error is harmless when there is no reasonable *probability* the error affected the verdict." (internal quotation marks and citation omitted)); *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error."). Thus, we hold that the error, if any, was harmless.

**{3}**     Defendant's response to our notice also supplies us with the additional information we requested to determine whether the district court erred by denying him a lesser included offense instruction on simple assault for his actions relative to Mr. Provencio. "[T]o obtain an instruction on a lesser included offense, there must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable." *State v. Skippings*, 2011-NMSC-021, ¶ 10, 150 N.M. 216, 258 P.3d 1008 (alterations, internal quotation marks, and citation omitted). Defendant contends that there is a reasonable view of the evidence to suggest that he was guilty of only assault without a deadly weapon. We disagree.

**{4}**     The evidence showed that Defendant threw an unopened bottle of alcohol at Mr. Provencio, from which Mr. Provencio had to duck to avoid being hit. [MIO 5] And, in the course of the chase that ensued, Defendant stopped running away, turned toward Mr. Provencio, and ran toward Mr. Provencio screaming at him with a knife open, exposing a three- to four-inch blade. [MIO 5] Defendant ran toward Mr. Provencio in this manner with the knife open for about 90 feet, getting within 10 feet of Mr. Provencio, when an

off-duty officer stopped Defendant by tackling him to the ground. [MIO 5-6, 8] Because there is no dispute that Defendant engaged in menacing conduct with a deadly weapon, which caused Mr. Provencio to believe he might be stabbed, we see no reason why it would be reasonable for the district court to conclude that simple assault was the highest degree of crime committed. *See id.*; *see also* NMSA 1978, § 30-3-1(A), (B) (1963) (defining assault); NMSA 1978, § 30-3-2(A) (1963) (defining assault with a deadly weapon).

**{5}** To the extent Defendant contends that the jury's verdicts suggest that it may have convicted Defendant of only simple assault as to Mr. Provencio because it did so as to the other victims, we are not persuaded. The evidence differed as to those victims and we do not review or look at possible reasons for an acquittal, even if an acquittal seems inconsistent with a conviction. *See State v. Roper*, 2001-NMCA-093, ¶¶ 23-24, 131 N.M. 189, 34 P.3d 133. Thus, we will not concern ourselves with, nor speculate about why the jury did not convict Defendant of the other aggravated assault charges. *See id.* ¶ 24.

**{6}** For the reasons stated above, we affirm the district court's judgment and sentence.

**{7}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**